IRELL & MANELLA LLP
John C. Hueston (CA Bar No. 164921)
*jhueston@irell.com*
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660-6324
Telephone:  (949) 760-0991
Facsimile:   (949) 760-5200

Alison L. Plessman (CA Bar No. 250631)
*aplessman@irell.com*
Jeremiah D. Kelman (CA Bar No. 238298)
*jkelman@irell.com*
Leeran R. Factor (CA Bar No. 261723)
*lfactor@irell.com*
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone:  (310) 277-1010
Facsimile:   (310) 203-7199

Attorneys for Plaintiff Pacific Select Fund

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| PACIFIC SELECT FUND,<br><br>  Plaintiff,<br><br> vs.<br><br>THE BANK OF NEW YORK MELLON, a New York state chartered bank, and BNY MELLON, N.A., a nationally-chartered bank,<br><br>  Defendants. | Case No. SACV10-00198 JST (Anx)<br><br>**PLAINTIFF PACIFIC SELECT FUND'S OBJECTION TO DEFENDANTS' IMPROPER EVIDENTIARY OBJECTIONS RE: PLAINTIFF'S EXPERT REPORTS**<br><br>Assigned: Hon. Josephine Staton Tucker<br><br>Date: December 5, 2011<br>Time: 10:00 AM<br><br>Complaint Filed:  February 17, 2010<br>Trial Date:          April 10, 2012 |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535045

Case No. SACV 10-00198 JST (ANx)
PLAINTIFF'S OBJECTION TO DEFENDANTS'
IMPROPER EVIDENTIARY OBJECTIONS RE:
PLAINTIFF'S EXPERT REPORTS

Pacific Select Fund ("PSF") hereby objects to Defendants The Bank of New York Mellon and BNY Mellon, N.A.'s ("BNYM") improper Evidentiary Objections regarding PSF's expert reports, which BNYM improperly submitted for the first time with its Reply in Support of Its Motion for Summary Judgment.

BNYM was fully aware of the opinions expressed in PSF's expert reports when it filed its Motion for Summary Judgment. BNYM waited, however, until its reply brief to launch wholesale *Daubert* objections, arguing for the first time that the reports should be excluded in their entirety. Whether intentional, or due to neglect, this approach leaves PSF without a fair and appropriate opportunity to respond. As discussed below, BNYM's objections should be rejected because they were improperly raised for the first time on reply. Moreover, BNYM's objection that PSF's expert reports are unsworn at most raises a harmless error that is easily remedied.

## I. The Court Should Not Consider BNYM's Improper Objections To PSF's Expert Reports Made For The First Time In Its Reply Brief

For the first time in the Evidentiary Objections submitted concurrently with its reply, BNYM argues that PSF's expert reports should be excluded from the record in their entirety.[1] BNYM contends the reports are inadmissible because they fail to satisfy the requirements of *Daubert* and Rule 702 on the grounds they purportedly fail to explain or provide any analysis supporting their conclusions. (*See* BNYM's Evidentiary Objections To Plaintiff's Statement of Genuine Issues and Additional Material Facts ("Objections") at 6 – 15.) BNYM similarly claims that the reports do not satisfy *Daubert's* requirements because they purportedly do not analyze the decision to hold Sigma in comparison to "alternative courses of action," including selling the investment. *Id.* These objections should not be considered by

---

[1] Notably, BNYM presents its *Daubert* objections in its "evidentiary objections" pursuant to this Court's standing order, which provides an opportunity to set forth concise evidentiary objections ("e.g., hearsay, lacks foundation, etc."). BNYM exceeds the limit of this local rule. A *Daubert* objection is hardly the type of objection that can be adequately made, let alone responded to, in such a format.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535045

- 1 -

Case No. SACV 10-00198 JST (ANx)
PLAINTIFF'S OBJECTION TO DEFENDANTS'
IMPROPER EVIDENTIARY OBJECTIONS RE:
PLAINTIFF'S EXPERT REPORTS

1  the Court because they were improperly raised in a cursory manner, for the first time
2  in Defendants' reply brief.
3       Objections as to the admissibility of expert testimony should be made in a
4  manner that provides the parties an adequate opportunity to respond appropriately.
5  *See, e.g.*, *McConaghy v. Sequa Corp.*, 294 F. Supp. 2d 151, 168 (D.R.I. 2003)
6  (holding a *Daubert* motion *in limine* is the proper vehicle for challenging an expert's
7  admissibility); *Cobige v. City of Chicago,* 2009 WL 2413798 at *11, n.4 (N.D. Ill.,
8  Aug. 6, 2009) (same); *Jerden v. Amstutz*, 430 F.3d 1231, 1237 (9th Cir. 2005)
9  ("Counsel should not 'sandbag' *Daubert* concerns…"); *In re Hanford Nuclear*
10 *Reservation Litig.*, 292 F.3d 112, 1138-39 (2002) (noting an adequate record is
11 needed to make a ruling on expert reports and encouraging district court to hold a
12 full Daubert hearing on remand); *Cortes-Irizarry v. Corporacion Insular De*
13 *Seguros*, 111 F.3d 184 ("given the complex factual inquiry required by *Daubert*,
14 courts will be hard-pressed in all but the most clearcut cases to gauge the reliability
15 of expert proof on a truncated record"); *see also Padillas v. Stork-Gamco, Inc.*, 186
16 F.3d 412, 418 (3rd Cir. 1999) (where admissibility turns on factual issues, it may be
17 an abuse of discretion to grant summary judgment without an *in limine* hearing).
18      Moreover, it is well settled that new issues raised for the first time in a reply
19 are waived. *Coleman v. Quaker Oats Co., 232 F.3d 1271, 1289, n.4* (9th Cir. 2000).
20 Accordingly, Courts have repeatedly declined to consider objections as to the
21 admissibility of expert testimony where such objections are raised for the first time
22 on reply. *E.g., O'Connor v. Boeing North America, Inc.*, 2005 WL 6035255, *14,
23 n.11 (C.D. Cal., August 18, 2005); *Caribbean I Owners' Ass'n, Inc. v. Great*
24 *American Ins. Co. of New York*, 600 F.Supp.2d 1228, 1246, n.21 (S.D. Ala. 2009)
25 (declining to consider argument made for the first time in reply brief that expert's
26 opinions were inadmissible *ipse dixit*); *Cobige*, 2009 WL 2413798 at *11, n.4; *see*
27 *also Wallace v. Countrywide Home Loans, Inc.*, 2009 WL 4349534 (C.D. Cal., Nov.
28 23, 2009) (declining to consider new evidence raised on reply and explaining that

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535045

- 2 -

Case No. SACV 10-00198 JST (ANx)
PLAINTIFF'S OBJECTION TO DEFENDANTS'
IMPROPER EVIDENTIARY OBJECTIONS RE:
PLAINTIFF'S EXPERT REPORTS

"[t]he opposing party should not have to incur the cost and effort of additional filings – a motion for leave to file a sur-reply, and the sur-reply itself – because the movants deliberately, or more likely inadvertently, held back part of their case.") (internal citations omitted).

Here, BNYM has known of PSF's expert opinions for months, but rather than properly filing a *motion in limine*, Defendants held back any objection to PSF's expert testimony until it submitted its reply brief. Accordingly, the court should disregard BNYM's objections regarding PSF's expert opinions.

In any event, even a cursory review of PSF's expert reports reveals that BNYM's objections misstate PSF's experts opinions and lack merit. Should the court decide that consideration of BNYM's objections is appropriate at this stage, PSF respectfully requests that it be given the opportunity to fully brief the issues and adequately address the reliability of its expert opinions.

## II. BNYM's Objection That PSF's Expert Reports Were Not Sworn At Most Raises A Harmless Error

BNYM argues in its Evidentiary Objections that PSF's expert opinions should not be considered on summary judgment because the reports were not sworn. (*See* Objections at 6, 10, 12, 14.) BNYM's contention the PSF's expert reports were not sworn is a desperate attempt to preclude PSF from submitting damaging evidence that BNYM knows is sufficient, even on its own, to defeat BNYM's motion for summary judgment. At most, BNYM raises a harmless error. PSF's expert reports, which comply with Rule 26, were "sworn" in substance, if not form, in that they were admitted as exhibits and identified by the experts as their own expert opinions under oath, in depositions in which both experts testified for at least seven hours as to their reports and opinions. Moreover, PSF's submission of its expert reports was generally consistent with the Ninth Circuit's directive that evidence submitted in support of an opposition to a motion for summary judgment should be considered based on its *contents* not its form. *See, e.g. Fraser v. Goodale*, 342 F.3d 1032,

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535045

- 3 -

Case No. SACV 10-00198 JST (ANx)
PLAINTIFF'S OBJECTION TO DEFENDANTS'
IMPROPER EVIDENTIARY OBJECTIONS RE:
PLAINTIFF'S EXPERT REPORTS

1036–37 (9th Cir. 2003).  Curiously, even if BNYM is correct that PSF's expert reports were not properly "sworn" for summary judgment purposes, BNYM fails to explain how their own expert reports pass muster.  One of BNYM's reports, submitted in support of its motion, was simply signed along with a notary's stamp, but provided no declaration or affidavit affirming its contents.  (*See* Declaration of Kieran Ringgenberg ISO MSJ ("Ringgenberg Decl."), Ex. 137 (Report of Glenn Hubbard) at 56.)  The others were not notarized, but were signed "under penalty of perjury" and were not submitted to the court with any declaration or affidavit affirming the opinion under oath.  (*See* Ringgenberg Decl., Ex. 136 (Report of John Peavy) at 80;  Ex. 138 (Report of Suresh Sundaresen) at 21.)  BNYM does not explain how these reports comply with Rule 56, but PSF's reports do not.

In any event, courts have routinely held that submitting an unsworn report in connection with a motion for summary judgment is at most a harmless error easily remedied.  *See, e.g.*, *King Tuna, Inc. v. Anova Food, Inc.*, 2009 WL 650732, *1 (C.D. Cal. 2009) (holding for summary judgment purposes, expert report must be sworn to or otherwise verified, "usually by a deposition or affidavit," and recognizing that courts generally allow any technical failure to meet this requirement to be remedied after the problem is identified); *Voltera Semiconductor Corp. v. Primarion, Inc.* 2011 WL 2559612, *4 (N.D. Cal. May 4, 2011) ([Plaintiff] has now remedied any deficiency by providing a sworn declaration…with all of the challenged reports attached); *Tyco Healthcare Group LP v. Biolitec, Inc.*, 2010 WL 3059518, *1, n. 3 (N.D. Cal. 2010) (subsequent reaffirmation of unsworn expert report by affidavit allows court to consider it on a motion for summary judgment); *Jacobson v. Katzer*, 2009 WL 4823021, *4, n. 2 (N.D. Cal. 2009) (same); *Gache v. Town of Harrison*, 813 F.Supp. 1037, 1052 (S.D.N.Y. 1993).  PSF has therefore submitted Affidavits of Allen Ferrell and Bella Borg-Brenner concurrently with this Objection, reaffirming the opinions in their reports, under oath. *See* Affidavit Of Frank Allen Ferrell In Support Of Pacific Select Fund's Opposition To Defendants'

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535045

- 4 -

Case No. SACV 10-00198 JST (ANx)
PLAINTIFF'S OBJECTION TO DEFENDANTS'
IMPROPER EVIDENTIARY OBJECTIONS RE:
PLAINTIFF'S EXPERT REPORTS

1 | Motion For Summary Judgment; Affidavit Of Bella Borg-Brenner In Support Of
2 | Pacific Select Fund's Opposition To Defendants' Motion For Summary Judgment.

3 | Dated: November 29, 2011    Respectfully submitted,

4 |                              IRELL & MANELLA LLP

5 |                                /s/ John Hueston

6 |                              By:_____
7 |                                  John Hueston
                                     Attorneys for Plaintiff

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2535045

- 5 -

Case No. SACV 10-00198 JST (ANx)
PLAINTIFF'S OBJECTION TO DEFENDANTS'
IMPROPER EVIDENTIARY OBJECTIONS RE:
PLAINTIFF'S EXPERT REPORTS