IRELL & MANELLA LLP
John C. Hueston (CA Bar No. 164921)
jhueston@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

Alison L. Plessman (CA Bar No. 250631)
aplessman@irell.com
Jeremiah D. Kelman (CA Bar No. 238298)
jkelman@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Attorneys for Plaintiff
Pacific Select Fund

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| PACIFIC SELECT FUND,<br><br>Plaintiff,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON, a New York state chartered bank; and BNY MELLON, N.A., a nationally-chartered bank,<br><br>Defendants. | Case No. SACV 10-00198-JST (ANx)<br><br>**PLAINTIFF PACIFIC SELECT FUND'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 1 TO EXCLUDE THE TESTIMONY AND REPORT OF ROBERT GLENN HUBBARD**<br><br>Assigned to the Hon. Josephine Staton Tucker<br><br>Date: April 16, 2012<br>Time: 1:30 p.m.<br>Ctrm: 10A<br><br>Complaint Filed: February 17, 2010<br>Trial Date: May 1, 2012 |

## FILED CONDITIONALLY UNDER SEAL

# TABLE OF CONTENTS

**Page**

I.  Introduction ................................................................................................. 3

II. Statement of Facts ....................................................................................... 4

III. Dr. Hubbard's Testimony Should Be Excluded Because BNYM Did Not Plead Superseding Cause as an Affirmative Defense ....................... 5

IV. Dr. Hubbard's Definition of "Reasonably Foreseeable" Conflicts with California Law ..................................................................................... 6

V.  Whether Lehman's Bankruptcy Was Reasonably Foreseeable Is Irrelevant Because PSF's Sigma Losses Were Foreseeable ......................... 8

VI. Dr. Hubbard's Opinion that the Lehman Bankruptcy Was Not Reasonably Foreseeable Would Confuse the Issues and Waste Time ........................................................................................................... 11

VII. Conclusion ................................................................................................ 14

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598021

- i -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE
THE TESTIMONY OF ROBERT GLENN HUBBARD

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Akins v. County of Sonoma,
  67 Cal. 2d 185 (1967).................................................................. 8, 11

Arreola v. County of Monterey,
  99 Cal. App. 4th 722 (2002)......................................................... 5, 7

Buckley v. Evans,
  No. 2:02-cv-01451-JKS, 2007 WL 2900173 (E.D. Cal. Sept. 28, 2007)................................................................................................ 11

Computer Econ., Inc. v. Gartner Group, Inc.,
  50 F. Supp. 2d 980 (S.D. Cal. 1999).................................................. 5

Daubert v. Merrell Dow Pharm.,
  509 U.S. 579 (1993)............................................................................ 6

Hodge v. Mayer Unified Sch. Dist. No. 43 Governing Bd.,
  No. 05-15577, 2007 WL 1112954 (9th Cir. Apr. 13, 2007).............. 11

Loeffel Steel Prods., Inc. v. Delta Brands, Inc.,
  387 F. Supp. 2d 794 (N.D. Ill. 2005)............................................. 6, 7

Lombardo v. Huysentruyt,
  91 Cal. App. 4th 656 (2001).............................................................. 7

Maupin v. Widling,
  192 Cal. App. 3d 568 (1987).............................................................. 5

Palmer v. Hoffman,
  318 U.S. 109 (1943)............................................................................ 5

Pappert v. San Diego Gas & Elec. Co.,
  137 Cal. App. 3d 205 (1982)........................................................... 8, 9

Parker v. City and Cnty. of San Francisco,
  158 Cal. App. 2d 597 (1958).......................................................... 9, 11

Soule v. Gen. Motors Corp.,
  8 Cal. 4th 548 (1994).......................................................................... 8

United Pac. Ins. Co. v. S. Cal. Edison Co.,
  163 Cal. App. 3d 700 (1985).......................................................... 7, 9

**Rules**

Fed. R. Civ. P. 8.................................................................................. 1, 5

Fed. R. Evid. 104................................................................................ 1, 9

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598021

- ii -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE
THE TESTIMONY OF ROBERT GLENN HUBBARD

| | Page(s) |
|---|---:|
| Fed. R. Evid. 401 | 1, 6, 8 |
| Fed. R. Evid. 402 | 1, 6, 8, 9 |
| Fed. R. Evid. 403 | 1, 8, 11 |
| Fed. R. Evid. 702 | 1, 6, 8 |

**Other Authorities**

| | |
|---|---:|
| 5 Charles Alan Wright *et al.*, Federal Practice & Procedure § 1272 (3d ed.) | 5 |
| 6 Witkin, Summary 10th (2005) Torts, § 1198 | 9 |
| Restatement (Second) of Torts § 435 | 9 |
| Restatement (Second) of Torts § 442B | 9 |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598021

- iii -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE
THE TESTIMONY OF ROBERT GLENN HUBBARD

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on April 16, 2012 at 1:30 p.m., or as soon thereafter as the matter may be heard, before the Honorable Josephine Staton Tucker in Department 10A of the United States District Court for the Central District of California, located at 411 West Fourth Street, Santa Ana, California, Plaintiff Pacific Select Fund ("PSF" or "Plaintiff") will and hereby does move *in limine* for an order prohibiting The Bank of New York Mellon and BNY Mellon, N.A. (collectively, "BNYM") from introducing at trial the testimony and report of Dr. Robert Glenn Hubbard pursuant to Rules 104(b), 401, 402, 403, and 702 of the Federal Rules of Evidence. This motion is made on the grounds that such evidence is irrelevant, any marginal probative value is substantially outweighed by the danger of unfair prejudice, and is unreliable and not helpful to the trier of fact. This motion is also made on the grounds that BNYM has not pled superseding cause as an affirmative defense as required by Rule 8(c) of the Federal Rules of Civil Procedure.

By this motion, Plaintiff requests that the Court enter the accompanying [Proposed] Order Granting Plaintiff's Motion *in Limine* No. 1 to Exclude the Testimony and Report of Dr. Robert Glenn Hubbard. This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Alison L. Plessman, Plaintiff's Request for Judicial Notice, such other matters of which the Court may take judicial notice, the Court's record on file herein, and all papers, pleadings, documents, arguments of counsel, and other materials presented to the Court before or at the time of the hearing on this motion, and any other evidence and argument the Court may consider.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598021

- 1 -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE
THE TESTIMONY OF ROBERT GLENN HUBBARD

1  This motion is made following the conference of counsel pursuant to
2  L.R. 7-3, which took place on February 17, 2012.

4  Dated: March 19, 2012                    Respectfully submitted,
5                                           IRELL & MANELLA LLP

7                                           By: /s/ Alison L. Plessman
8                                               Alison L. Plessman
                                                Attorneys for Plaintiff
9                                               Pacific Select Fund

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598021

- 2 -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE
THE TESTIMONY OF ROBERT GLENN HUBBARD

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

BNYM intends to argue at trial that the bankruptcy of Lehman Brothers Holdings Inc. ("Lehman") was a superseding cause of PSF's losses. As an initial matter, superseding cause is an affirmative defense that must be pled in the defendant's answer. BNYM did not plead superseding cause anywhere in its answer, nor has BNYM sought leave to amend to add it. Even if it had, such evidence is inadmissible.

To support its purported superseding cause defense, BNYM relies on the testimony and report of its expert, Dr. Robert Glenn Hubbard, who concluded that Lehman's bankruptcy was not reasonably foreseeable. To reach this conclusion Dr. Hubbard invented his own definition of "reasonable foreseeability." But Dr. Hubbard's creation bears no resemblance to the applicable standard under California law, which holds that an event is foreseeable unless it is "highly unusual" or "statistically extremely improbable." In stark contrast, Dr. Hubbard limits foreseeability to events that have a "very high probability" of occurring. Because Dr. Hubbard's opinions run afoul of California law, they are unreliable, irrelevant, and nearly certain to confuse the jury.

Putting Dr. Hubbard's invalid definition of foreseeability aside, whether Lehman's bankruptcy was foreseeable is irrelevant because the foreseeability required is of the risk of harm, not of the particular intervening act. Dr. Hubbard did not analyze this issue. He did not look at the likelihood that Sigma Finance Inc. ("Sigma") would default or that its medium-term notes ("MTNs") would pay out at maturity. And as Dr. Hubbard admits, even if Lehman's bankruptcy was not reasonably foreseeable, that does not mean that Sigma's default was unforeseeable.

Evidence concerning Lehman's bankruptcy should be excluded for the additional reason that any marginal probative value is substantially outweighed by the danger of confusing the issues and wasting the jury's time. The vast majority of

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598021

- 3 -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE
THE TESTIMONY OF ROBERT GLENN HUBBARD

Dr. Hubbard's report is copied from his report in another case. Not surprisingly, that other case has to do with BNYM's decision to hold Lehman securities; it has nothing to do with Sigma. The opinions in Dr. Hubbard's report are hardly linked to Sigma at all. Out of 112 paragraphs, Sigma is mentioned in but a single one. BNYM's attempt to muddy the waters by forcing the jury to sit through this expert testimony solely focusing on the foreseeability of Lehman's bankruptcy – when that testimony does not explain how that bankruptcy was the superseding cause of Sigma's downfall – should be rejected.

PSF respectfully requests that the Court grant its motion *in limine* to exclude Dr. Hubbard's testimony and report at trial.

## II. Statement of Facts

On August 10, 2011, BNYM submitted an expert report in this case from Dr. Hubbard. (Expert Report of Robert Glenn Hubbard ("Hubbard Report"), Declaration of Alison L. Plessman ("Plessman Decl.") ¶ 2, Ex. 1 at 7.) BNYM asked Dr. Hubbard "to assess whether the bankruptcy filing of Lehman on September 15, 2008 was reasonably foreseeable between July 1, 2007 and September 12, 2008." (*Id.* ¶ 7, Plessman Decl. ¶ 2, Ex. 1 at 12.) Based upon his analysis, Dr. Hubbard "conclude[d] that Lehman's bankruptcy was not reasonably foreseeable" for various reasons. (*Id.* ¶ 9, Plessman Decl. ¶ 2, Ex. 1 at 13-14.) Dr. Hubbard further opined that "Sigma Financial Corp. also came under duress in the wake of Lehman's bankruptcy[.]" (*Id.* ¶ 111, Plessman Decl. ¶ 2, Ex. 1 at 61-62.)

Relying on Dr. Hubbard's report, BNYM argued in its summary judgment motion that "Lehman's bankruptcy and the resulting market meltdown was the superseding cause of PSF's losses." (BNYM's MSJ at 2:12-13, 19:20-25, *see also* BNYM's SUF ISO MSJ ¶¶ 102, 127, 130; BNYM's Reply ISO MSJ at 19:10-11.) According to BNYM, Lehman's bankruptcy negates proximate cause as to PSF's claims because it "caused Sigma to fail in a manner and to a degree far different

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598021

- 4 -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE
THE TESTIMONY OF ROBERT GLENN HUBBARD

from the risks that, according to PSF, made it imprudent to hold Sigma." (BNYM's MSJ at 2:14-17, 20:1-4, 20:11-13; *see also* BNYM's Reply ISO MSJ at 3:2-5.)

### III. Dr. Hubbard's Testimony Should Be Excluded Because BNYM Did Not Plead Superseding Cause as an Affirmative Defense

The Federal Rules of Civil Procedure require defendants to specifically plead affirmative defenses when responding to a complaint. Fed. R. Civ. P. 8(c). In diversity cases, federal courts look to state law to define those affirmative defenses. *Computer Econ., Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 990 (S.D. Cal. 1999) ("State rules that define the elements of a cause of action, affirmative defenses, presumptions, burdens of proof, and rules that create or preclude liability are so obviously substantive that their application in diversity actions is required."); 5 Charles Alan Wright *et al.*, Federal Practice & Procedure § 1272 (3d ed.) ("[I]f state law regards a matter as an affirmative defense, it usually will be treated in the same fashion in a federal court in that state even though it is not specifically listed in Rule 8(c) . . . ."); *cf. Palmer v. Hoffman*, 318 U.S. 109, 117 (1943) ("Rule 8(c) covers only the manner of pleading. The question of the burden of establishing [an affirmative defense] is a question of local law which federal courts in diversity of citizenship cases must apply.") (citations omitted).

In California, superseding cause is an affirmative defense that must be proved by the defendant. *Arreola v. County of Monterey*, 99 Cal. App. 4th 722, 760 (2002) ("The defendant has the burden to prove the affirmative defense of superseding cause."); *Maupin v. Widling*, 192 Cal. App. 3d 568, 571, 578 (1987). Thus, Federal Rule of Civil Procedure 8(c) requires a defendant who intends to raise superseding cause under California law to plead the defense in its answer.

In its summary judgment motion, BNYM argued that Lehman's bankruptcy was the "superseding cause of PSF's losses." (BNYM's MSJ at 2:12-13.) However, BNYM never raised superseding cause as an affirmative defense. (*See* BNYM's Answer at 23:16-25:27 (listing affirmative defenses).) Nor did BNYM

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598021

- 5 -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE
THE TESTIMONY OF ROBERT GLENN HUBBARD

ever seek leave to amend its answer to assert it, despite the fact that the deadline for doing so expired more than a year ago. (*See* Order Setting Case Management at 1, Oct. 18, 2010 (setting January 24, 2011 as the deadline for hearing any motion to amend the pleadings).) Because BNYM has not pled the affirmative defense of superseding cause, Dr. Hubbard's testimony about the foreseeability of Lehman's bankruptcy should be excluded as irrelevant to any fact that "is of consequence in determining the action." Fed. R. Evid. 401; *see also* Fed. R. Evid. 402.

### IV. Dr. Hubbard's Definition of "Reasonably Foreseeable" Conflicts with California Law

"Expert opinions that are contrary to law are inadmissible. They cannot be said to be scientific, to be reliable, or to be helpful to the trier of fact." *Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*, 387 F. Supp. 2d 794, 806 (N.D. Ill. 2005) (citations omitted); *see also* Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 589-92 (1993) (trial judge must ensure expert testimony is reliable and will assist the trier of fact).

*Loeffel Steel* is instructive. In that case, the defendant's damages expert defined economic loss in a way that was inconsistent with applicable law. *Loeffel Steel*, 387 F. Supp. 2d at 803, 805-06, 827. At his deposition, the expert boasted that "he and his boss had devised the definition: 'this is *our* definition of what *we believe* the question is, what answer *we* are giving.'" *Id.* at 803. The court excluded the expert's testimony on the basis that his methodology was unreliable, noting that "[i]f this definition of economic loss were faithful to basic damage theory, there would have been no need for [the defendant's expert] to have devised and employed his own definition." *Id.* at 803, 805-06.

Dr. Hubbard's opinions are likewise inconsistent with applicable California law. Dr. Hubbard intends to testify that Lehman's bankruptcy was not "reasonably foreseeable." (Hubbard Report ¶ 9, Plessman Decl. ¶ 2, Ex. 1 at 13-14; Deposition of Robert Glenn Hubbard ("Hubbard Depo.") at 22:18-19, Sept. 24, 2011, Plessman

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598021

- 6 -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE
THE TESTIMONY OF ROBERT GLENN HUBBARD

Decl. ¶ 3, Ex. 2 at 141.) Under California law, an event is foreseeable unless it is "highly unusual or extraordinary." *Lombardo v. Huysentruyt*, 91 Cal. App. 4th 656, 666 (2001); *Arreola*, 99 Cal. App. 4th at 760. In this context, "extraordinary means unforeseeable, unpredictable, statistically extremely improbable." *United Pac. Ins. Co. v. S. Cal. Edison Co.*, 163 Cal. App. 3d 700, 710 (1985) (internal quotations omitted). However, this is not the standard that Dr. Hubbard applies.

Instead, like the defense expert in *Loeffel Steel*, Dr. Hubbard acknowledged at his deposition that the term "reasonably foreseeable" was his own creation. (Hubbard Depo. at 41:11-13 (stating that the term "reasonably foreseeable" was his "own expression"), Plessman Decl. ¶ 3, Ex. 2 at 143.) Dr. Hubbard testified that "[t]he term reasonably foreseeable in this context is a forensic one" and that "foreseeable has a distinct statistical meaning that I use here," which is "[w]hether something is forecastable." (*Id.* at 40:14-41:5, 43:15-44:3, Plessman Decl. ¶ 3, Ex. 2 at 142-43.) Dr. Hubbard defined "forecastable" as follows: "Using information available today I could predict that an event will occur with a very high probability. Literally foretelling the future would predicting probability one." (*Id.* at 40:14-41:5, 47:9-14, Plessman Decl. ¶ 3, Ex. 2 at 142-44.)

Dr. Hubbard's definition of foreseeability is the complete opposite of California's definition. According to Dr. Hubbard, an event is foreseeable only if there is a "very high probability" that it will occur. California provides the converse, namely that an event is foreseeable unless it is "highly unusual" or "statistically extremely improbable." Demonstrating that these definitions are irreconcilable, Dr. Hubbard testified that an event with a 10% probability of occurring in the next six months would not be reasonably foreseeable under his definition. (*See id.* at 165:16-21, Plessman Decl. ¶ 3, Ex. 2 at 151.) The same cannot be said under California law. Because he applied his own invented definition of foreseeability, Dr. Hubbard's opinion on the foreseeability of Lehman's

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598021

- 7 -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE THE TESTIMONY OF ROBERT GLENN HUBBARD

bankruptcy is unreliable and should be excluded under Federal Rule of Evidence 702.

Dr. Hubbard's opinions should also be excluded as irrelevant and misleading under Federal Rules of Evidence 401, 402, and 403. Dr. Hubbard's opinions are only probative of whether Lehman's bankruptcy was foreseeable under the definition that he created. They say nothing about whether Lehman's bankruptcy was foreseeable under the actual legal standard that applies in this case. Accordingly, Dr. Hubbard's opinions are irrelevant and present a significant danger of confusing the issues and misleading the jury.

## V. Whether Lehman's Bankruptcy Was Reasonably Foreseeable Is Irrelevant Because PSF's Sigma Losses Were Foreseeable

Even if Dr. Hubbard had applied the correct foreseeability standard (which he did not), the foreseeability of Lehman's bankruptcy is irrelevant because the risk of harm to PSF was foreseeable. Under California law, the affirmative defense of superseding cause relieves a defendant of liability "when an independent event intervenes in the chain of causation, producing harm of a kind and degree so far beyond the risk the original tortfeasor should have foreseen that the law deems it unfair to hold him responsible." *Soule v. Gen. Motors Corp.*, 8 Cal. 4th 548, 573 n.9 (1994). There are two distinct prerequisites before an intervening event rises to the level of a superseding cause. One, the intervening event itself must be unforeseeable. *Akins v. County of Sonoma*, 67 Cal. 2d 185, 199 (1967). Two, the resulting injury must have been of a type and to a degree that was also unforeseeable. *Id.* The defendant is not relieved from liability unless both requirements are met. *Id.*; *see also Pappert v. San Diego Gas & Elec. Co.*, 137 Cal. App. 3d 205, 210 (1982) ("[T]he foreseeability test is two-fold relating both to the act and the nature of harm suffered.").

With respect to the second prerequisite, "[n]either the particular injuries sustained, the manner by which they were inflicted, nor the circumstances under

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598021

- 8 -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE
THE TESTIMONY OF ROBERT GLENN HUBBARD

which they were received are factors included within the foreseeability test." *Pappert*, 137 Cal. App. 3d at 211. This means that the defendant is liable where the risk of harm is generally foreseeable even if the particular harm and precise intervening act are not. *Parker v. City and Cnty. of San Francisco*, 158 Cal. App. 2d 597, 607 (1958) ("If the conduct of the person sought to be charged is a substantial factor in bringing about the harm, the fact that he neither foresaw nor should have foreseen the extent or nature of the harm, or the manner in which it occurred, does not prevent him from being held liable."); *United Pac.*, 163 Cal. App. 3d at 710-11 (1985); *Pappert*, 137 Cal. App. 3d at 210-11; Restatement (Second) of Torts § 442B; 6 Witkin, Summary 10th (2005) Torts, § 1198 ("[t]he foreseeability required is of the *risk of harm*, not of the particular intervening act.").

Dr. Hubbard's opinions are irrelevant under this framework. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."); *see also* Fed. R. Evid. 104(b). Even if Dr. Hubbard's testimony could establish the first prerequisite (that Lehman's bankruptcy was unforeseeable – which, as discussed below, is not supported by BNYM's own documents and testimony), BNYM cannot establish the second prerequisite that the risk of harm to PSF was unforeseeable.[1] The harm suffered by PSF in this case – losses on MTNs following Sigma's collapse – is the exact harm foreseeably risked by BNYM's decision to continue to hold Sigma.

Neither Dr. Hubbard nor BNYM's other experts address whether the risk that PSF could be injured as a result of BNYM's decision to hold Sigma MTNs was generally foreseeable. Indeed, at his deposition, Dr. Hubbard admitted that he did not assess the financial condition that Sigma was in before Lehman's bankruptcy.

---

[1] Notably, Dr. Hubbard did not analyze whether BNYM actually foresaw the risk of Lehman's bankruptcy. Dr. Hubbard did not consider BNYM's own documents and testimony, which show that BNYM was aware of risks to Lehman, as the Court recognized in denying summary judgment: "PSF introduced evidence that BNY Mellon was aware of risks specific to Lehman prior to the bankruptcy filing and took steps to reduce its Lehman exposure." (Order on BNYM's MSJ at 10:14-16, Jan. 30, 2012.)

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598021

- 9 -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE
THE TESTIMONY OF ROBERT GLENN HUBBARD

1  (Hubbard Depo. at 50:14-21, 127:17-130:2, Plessman Decl. ¶ 3, Ex. 2 at 145,
2  148-49.) He did not evaluate the likelihood that Sigma would default. (*Id.* at
3  49:17-21, 130:16-23, 132:20-133:4 ("That's not a question I was asked to
4  consider."), Plessman Decl. ¶ 3, Ex. 2 at 145, 149-50.) Nor did he analyze the
5  likelihood that Sigma MTNs would pay out at maturity. (*Id.* at 133:5-9 ("That was
6  not a question I was asked to consider."), Plessman Decl. ¶ 3, Ex. 2 at 150.) Thus,
7  as Dr. Hubbard specifically acknowledged, the fact that Lehman's bankruptcy was
8  not reasonably foreseeable does not mean that Sigma's default was unforeseeable.
9  (*Id.* at 122:2-125:2, 176:7-23, Plessman Decl. ¶ 3, Ex. 2 at 147-48, 152; *see also id.*
10 at 66:12-14 ("So now these are two very different questions, two very different
11 analytical frameworks."), Plessman Decl. ¶ 3, Ex. 2 at 146.) BNYM's other experts
12 similarly fail to analyze the foreseeability of PSF's Sigma losses. (*See* Report of
13 Edmon W. Blount (no evaluation of whether the risk of harm to PSF was reasonably
14 foreseeable), Plessman Decl. ¶ 4, Ex. 3 at 155; Rebuttal Report of Suresh
15 Sundaresan (addressing damages only), Plessman Decl. ¶ 5, Ex. 4 at 239.)

      Moreover, BNYM has *admitted* that the risk of Sigma losses was foreseeable.
17 In its summary judgment motion, BNYM conceded that ████████████████ "█
18 ████████████████████████████████████████████████████████ █
19 ████████████████████████████████████████████████████████ "
20 (BNYM's MSJ at 19:3-6). Also, in April 2008, Tom Ford and Kathy Rulong (both
21 BNYM executives) ████████████████████████████████████ ,
22 ████████████████████████████████████████████████████████ ".
23 ████████ (Collective Investment Funds Committee Presentation at
24 BNYM-SL00224522, Plessman Decl. ¶ 6, Ex. 5 at 306.) And in May 2008,
25 BNYM's First Vice President of securities lending, Robert Fort, stated that there
26 was a ████████████████████████████████████████████ t
27 ████████████████████████████████████████████ (SWIB Letter
28 at BNYM-SL04026157, Plessman Decl. ¶ 7, Ex. 6 at 310.)

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

2598021

- 10 -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE
THE TESTIMONY OF ROBERT GLENN HUBBARD

Because the risk of harm to PSF was foreseeable, Lehman's bankruptcy cannot be a superseding cause under binding California Supreme Court authority. *See Akins*, 67 Cal. 2d at 199 (resulting injury must be of a type that is unforeseeable for superseding cause to relieve defendant of liability); *see also Parker*, 158 Cal. App. 2d at 605-06 ("[T]he law does not say that if the particular injury arising from the negligence cannot be anticipated, a recovery cannot be had. That some damage, some injury, would probably arise from the existing negligence, and that it could reasonably have been expected, is all that the law requires to justify a recovery.") (citation omitted). Accordingly, Dr. Hubbard's opinion that Lehman's bankruptcy was not reasonably foreseeable is irrelevant and should be excluded.

## VI. Dr. Hubbard's Opinion that the Lehman Bankruptcy Was Not Reasonably Foreseeable Would Confuse the Issues and Waste Time

Even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Under Rule 403, evidence may be excluded when there is a danger that it will lead to a mini-trial on side issues. *See, e.g., Hodge v. Mayer Unified Sch. Dist. No. 43 Governing Bd.*, No. 05-15577, 2007 WL 1112954, at *1 (9th Cir. Apr. 13, 2007) (affirming exclusion under Rule 403 "due to the risks of inefficiency and confusion stemming from the potential need to conduct mini-trials with regard to [proposed evidence]"); *Buckley v. Evans*, No. 2:02-cv-01451-JKS, 2007 WL 2900173, at *4 (E.D. Cal. Sept. 28, 2007).

This case is about losses PSF suffered as a result of Sigma's default. The jury will be asked to evaluate the extent to which the risk of Sigma losses was foreseeable and whether BNYM should have disposed of Sigma in light of those risks. BNYM intends to interject Lehman into the mix by labeling its bankruptcy a superseding cause. But, as discussed above, BNYM's theory of proximate causation

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598021

- 11 -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE
THE TESTIMONY OF ROBERT GLENN HUBBARD

1  distorts California law and ignores the undisputed facts of this case. Allowing
2  BNYM to introduce evidence about the foreseeability of Lehman's bankruptcy
3  serves only to open the door to side issues that will mislead the jurors and waste
4  their time.
5      The Court need look no further than Dr. Hubbard's report to see how much of
6  a sideshow Lehman is. Countless pages of Dr. Hubbard's report are devoted to
7  analyzing whether Lehman's bankruptcy was foreseeable. Yet there is nothing but a
8  cursory link to Sigma. Indeed, as mentioned above, in the 112-paragraph report,
9  Sigma is mentioned in only a single one. (*See* Hubbard Report ¶ 111, Plessman
10 Decl. ¶ 2, Ex. 1 at 61-62.) The failure to address Sigma in detail is perhaps not
11 surprising considering that the majority of Dr. Hubbard's report was lifted nearly
12 verbatim from a report he submitted in an entirely different case. (*Compare*
13 Hubbard Report Parts I-VII, Plessman Decl. ¶ 2, Ex. 1 at 10-51, *with* Hubbard
14 Report in *IBEW-NECA* Parts I-VII, Plessman Decl. ¶ 8, Ex. 7 at 316-58.) In the
15 other case, Lehman's bankruptcy was directly relevant because the plaintiffs were
16 suing over BNYM's investment in Lehman. (*See* Hubbard Report in *IBEW-NECA*
17 ¶ 7, Plessman Decl. ¶ 8, Ex. 7 at 317-18.) Here, Lehman is a non-issue.
18     Moreover, admitting Dr. Hubbard's testimony at trial would result in a
19 mini-trial regarding the foreseeability of Lehman's bankruptcy. To counter
20 Dr. Hubbard's testimony, PSF would likely introduce BNYM's own documents and
21 testimony from its own witnesses showing that ████████████████ it
22 ████████████████ For example, in a March 2008 presentation discussing
23 "████████████████"
24 ████ (Mannix Email at BNYM-SL02649162, Plessman Decl. ¶ 9, Ex. 8 at 428.)
25 Likewise, BNYM's Chief Risk Officer, William Browne testified that ████████s
26 ████████████████████████████████████.
27 (Deposition of William Browne ("Browne Depo.") at 122:9-123:24, Sept. 13, 2011,
28 Plessman Decl. ¶ 10, Ex. 9 at 432.) ████████████████████████,

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598021

- 12 -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE
THE TESTIMONY OF ROBERT GLENN HUBBARD

1 ███████████████████████████████████████████████████████████d
2 ████ (Browne Depo. at 38:6-39:16, Sept. 13, 2011, Plessman Decl. ¶ 10, Ex. 9 at
3 431; Market Risk Scorecard at BNYM-SL04047415, Plessman Decl. ¶ 11, Ex. 10 at
4 440.) After Lehman filed for bankruptcy,████████████████████████████████s
5 ████████████████████████████████████████████████████████████.
6 (Mannix Email at BNYM-SL02649162, Plessman Decl. ¶ 9, Ex. 8 at 428.)

7       PSF would also introduce evidence showing market commentators and investors expressed concern about Lehman's risk and viability. (*See* Rebuttal Report of Bella Borg-Brenner at 9 n.31, Plessman Decl. ¶ 12, Ex. 11 at 447.) As one example, a hedge fund manager named David Einhorn raised concerns about Lehman's viability during late 2007 and early 2008. (*See* Hubbard Report ¶ 16, Plessman Decl. ¶ 2, Ex. 1 at 17.) As another example, Bloomberg reported on July 31, 2007 that Wall Street viewed Lehman "as good as junk." (Bloomberg Article, Plessman Decl. ¶ 13, Ex. 12 at 450-54.) This evidence belies Dr. Hubbard's contention that Lehman's default was unforeseeable and confirms the minimal probative value of his opinions. This Court recognized as much when it stated that "[a]ny causal link between Sigma's failure and the Lehman bankruptcy is refuted by evidence that Sigma was headed toward default prior to any additional market disruption from the Lehman bankruptcy. It is also refuted by evidence that BNY Mellon was concerned about, and prepared for, a Sigma default several months before Lehman filed for bankruptcy in September 2008." (Order on BNYM's MSJ at 10:10-14.)

      In any event, this sort of parade of evidence regarding Lehman's bankruptcy is unnecessary. It will distract from the key issues in this case, namely the risk of Sigma losses and whether it was prudent for BNYM to hold Sigma in light of them. Dr. Hubbard's testimony should be excluded under Federal Rule of Evidence 403 because any marginal probative value is substantially outweighed by the danger of juror confusion and wasted time.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

2598021

- 13 -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE
THE TESTIMONY OF ROBERT GLENN HUBBARD

## VII. Conclusion

For the foregoing reasons, PSF respectfully requests that its motion *in limine* be granted to exclude at trial the testimony and report of Dr. Hubbard.

Dated: March 19, 2012

Respectfully submitted,

IRELL & MANELLA LLP

By: /s/ Alison L. Plessman
Alison L. Plessman
Attorneys for Plaintiff
Pacific Select Fund