1   IRELL & MANELLA LLP
    John C. Hueston (CA Bar No. 164921)
2   *jhueston@irell.com*
    840 Newport Center Drive, Suite 400
3   Newport Beach, California 92660-6324
    Telephone:  (949) 760-0991
4   Facsimile:  (949) 760-5200

5   Alison L. Plessman (CA Bar No. 250631)
    *aplessman@irell.com*
6   Jeremiah D. Kelman (CA Bar No. 238298)
    *jkelman@irell.com*
7   1800 Avenue of the Stars, Suite 900
    Los Angeles, California 90067-4276
8   Telephone:  (310) 277-1010
    Facsimile:  (310) 203-7199

9
    Attorneys for Plaintiff
10  Pacific Select Fund

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13                    **SOUTHERN DIVISION**

14  PACIFIC SELECT FUND,                )   Case No. SACV 10-00198-JST (ANx)
                                        )
15                                      )   **PLAINTIFF PACIFIC SELECT**
               Plaintiff,               )   **FUND'S NOTICE OF MOTION**
16                                      )   **AND MOTION *IN LIMINE* NO. 2**
                                        )   **TO EXCLUDE THE REPORT AND**
17         v.                           )   **CERTAIN TESTIMONY OF**
                                        )   **EDMON W. BLOUNT**
18                                      )
    THE BANK OF NEW YORK                )   Assigned to the Hon. Josephine Staton
19  MELLON, a New York state chartered  )   Tucker
    bank; and BNY MELLON, N.A., a       )
20  nationally-chartered bank,          )   Date:   April 16, 2012
                                        )   Time:   1:30 p.m.
21                                      )   Ctrm:   10A
               Defendants.              )
22                                      )   Complaint Filed:  February 17, 2010
                                        )   Trial Date:        May 1, 2012
23

24

25

26              <u>FILED CONDITIONALLY UNDER SEAL</u>

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598356

# TABLE OF CONTENTS

**Page**

I.    Introduction ...................................................................................... 3

II.   Statement of Facts ............................................................................ 4

III.  Mr. Blount's Opinion that ████████████████████████ s
      ████████████ l ............................................................. 6

      A.   Mr. Blount's Opinion that ██████████████ s
           ███████████████████████████████ n
           ........................................................... 6

      B.   Mr. Blount's Opinion that ██████████ s
           █████████████████ t
           ....................................................... 10

      C.   Mr. Blount's Opinion that ██████████ s
           █████████████ o
           ................................................... 12

IV.   Mr. Blount's Opinion ██████████████████████ g
      ............................................................................. 13

      A.   Mr. Blount's Opinion that ████████████ t
           ██████████████████████ n
           ...................................................... 13

      B.   Mr. Blount's Opinion that ██████████ f
           █████████████████ t
           ................................................... 15

      C.   Mr. Blount's Opinion that ██████████ f
           ██████████████████████ s
           ................................................... 17

V.    Mr. Blount's Opinion that ██████████████████████ l
      █████████████ y
      ............................................................... 18

VI.   Conclusion.......................................................................... 20

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598356

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE
CERTAIN TESTIMONY OF EDMON W. BLOUNT

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Aguilar v. Int'l Longshoremen's Union Local # 10,*
  966 F.2d 443 (9th Cir. 1992)..........................................................17

*Akins v. County of Sonoma,*
  67 Cal. 2d 185 (1967)..................................................................19

*Bd. of Trs. of AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.,*
  No. 09 CIV 686(SAS), 2011 WL 6288415 (S.D.N.Y. Dec. 15,
  2011).............................................................................12, 17

*Daubert v. Merrell Dow Pharm.,*
  509 U.S. 579 (1993) ...............................................................6, 13

*Guidroz-Brault v. Mo. Pac. R.R. Co.,*
  254 F.3d 825 (9th Cir. 2001)........................................................13

*Hershey v. Pac. Inv. Mgmt. Co. LLC,*
  697 F. Supp. 2d 945 (N.D. Ill. 2010) ..........................................12, 17

*Joya v. City of Hayward,*
  No. C 07-4718 CRB, 2010 WL 1460305 (N.D. Cal. Apr. 7,
  2010).............................................................................13, 15

*Kumho Tire Co., Ltd. v. Carmichael,*
  526 U.S. 137 (1999) ...............................................................6, 7

*Loeffel Steel Prods., Inc. v. Delta Brands, Inc.,*
  387 F. Supp. 2d 794 (N.D. Ill. 2005) ..........................................7, 10

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.,*
  523 F.3d 1051 (9th Cir. 2008).................................................17, 19

*Supply & Bldg. Co. v. Estee Lauder Int'l, Inc.,*
  No. 95 CIV. 8136(RCC), 2001 WL 1602976 (S.D.N.Y. Dec. 14,
  2001).........................................................................6, 7, 9, 15

*U.S. v. Candoli,*
  870 F.2d 496 (9th Cir. 1989)...........................................................9

*U.S. v. Ward,*
  169 F.2d 460 (3d Cir. 1948)..........................................................18

## Rules

Fed. R. Civ. P. 8.................................................................1, 19

Fed. R. Evid. 401 ...........................................................1, 10, 15

Fed. R. Evid. 402 ...........................................................1, 10, 15

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598356

- ii -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE
CERTAIN TESTIMONY OF EDMON W. BLOUNT

1 **Page(s)**

2

3 Fed. R. Evid. 403 ...................................................................................... 1, 10, 12, 15

4 Fed. R. Evid. 702 ...................................................................................... 1, 6, 13, 15

5 Fed. R. Evid. 703 ...................................................................................... 1, 6, 7

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598356

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE
CERTAIN TESTIMONY OF EDMON W. BLOUNT

1    **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2    **PLEASE TAKE NOTICE** that on April 16, 2012 at 1:30 p.m., or as soon

3    thereafter as the matter may be heard, before the Honorable Josephine Staton Tucker

4    in Department 10A of the United States District Court for the Central District of

5    California, located at 411 West Fourth Street, Santa Ana, California, Plaintiff

6    Pacific Select Fund ("PSF" or "Plaintiff") will and hereby does move *in limine* for

7    an order prohibiting The Bank of New York Mellon and BNY Mellon, N.A.

8    (collectively, "BNYM") from introducing at trial the report and certain testimony of

9    Edmon W. Blount pursuant to Rules 401, 402, 403, 702, and 703 of the Federal

10   Rules of Evidence and Rule 8(c) of the Federal Rules of Civil Procedure.  This

11   motion is made on the grounds that Mr. Blount's testimony and report are

12   unreliable, unhelpful to the trier of fact, irrelevant, and that any marginal probative

13   value is substantially outweighed by the danger of confusing the issues and

14   misleading the jury.  This motion is also made on the basis that Mr. Blount's

15   testimony and report go beyond the subject matter and theories addressed by the

16   reports of Dr. John W. Peavy, in violation of the Court's Order Granting BNYM's

17   *Ex Parte* Application to Authorize Replacement Expert Witness entered on

18   November 21, 2011.

19       By this motion, Plaintiff requests that the Court enter the accompanying

20   [Proposed] Order Granting Plaintiff's Motion *in Limine* No. 2 to Exclude the Report

21   and Certain Testimony of Edmon W. Blount.  This motion is based upon this Notice

22   of Motion and Motion, the accompanying Memorandum of Points and Authorities,

23   the Declaration of Alison L. Plessman, Plaintiff's Request for Judicial Notice, such

24   other matters of which the Court may take judicial notice, the Court's record on file

25   herein, and all papers, pleadings, documents, arguments of counsel, and other

26   materials presented to the Court before or at the time of the hearing on this motion,

27   and any other evidence and argument the Court may consider.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

2598356

- 1 -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE
CERTAIN TESTIMONY OF EDMON W. BLOUNT

1       This motion is made following the conference of counsel pursuant to Local

2  Rule 7-3, which took place on February 17, 2012.

3

4  Dated:  March 19, 2012             Respectfully submitted,

5                            IRELL & MANELLA LLP

6

7

8                   By: _Alison L. Plessman_

9                      Alison L. Plessman
                         Attorneys for Plaintiff
                         Pacific Select Fund

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598356

1       **MEMORANDUM OF POINTS AND AUTHORITIES**

2   **I.     Introduction**

3           According to Mr. Blount, there are numerous factors that need to be

4   considered before deciding whether to sell or hold a security.  Yet Mr. Blount did

5   not independently analyze any of them before opining that it was reasonable for

6   BNYM to hold Sigma Finance Inc. ("Sigma").  He did not independently evaluate

7   the price at which Sigma could have been sold, the probability Sigma would default,

8   or the likely recovery if it did.

9           Instead, Mr. Blount relied on assumptions hand fed to him from BNYM.

10  BNYM contends that it reasonably believed that Sigma would avoid default and

11  mature at par. ████████████████████████████████████████████e

12  ███████████████████. Given BNYM's expectation of full recovery,

13  ████████████████████████████████████████████████e

14  ████████████████████████████████████████████████s

15  ██████████████████████████████████████████████n

16  █████████████████████████████████████████████████t.

17  That is absurd.  One of the key issues in this case is whether BNYM reasonably

18  concluded that Sigma would avoid default and pay out at par. █████████d

19  ██████████████████████████████. Suc███████████g

20  █████████████████████████████y.

21          Mr. Blount's opinion that████████████████████████████g

22  ██████████████. Once again, Mr. Blount's opinion is not based on any

23  independent analysis.  Mr. Blount simply assumed███████████████d

24  ████████████████████████████████████b. But Mr. Blount fails to

25  cite any evidence supporting his assumption.  Indeed, at his deposition, Mr. Blount

26  admitted that█████████████████████████████████████y

27  ████████████████████████████████████████████████s

28  ████████████████████████████████████████████████e.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598356

- 3 -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE
CERTAIN TESTIMONY OF EDMON W. BLOUNT

1    Mr. Blount also opines that ████████████████████████████.

2    ████████████████████████████████████.  Mr. Blount's opinion on

3    ████████████████████████████████████████████████

4    ████████████ are improper for the reasons set forth in PSF's motion *in limine* to

5    exclude the testimony another BNYM expert, Robert Glenn Hubbard. (*See* PSF's

6    MIL No. 1 Parts III, V, VI.)

7        In addition, Mr. Blount impermissibly speculates on the state of mind of the

8    parties and expresses legal conclusions. For example, Mr. Blount states that ████

9    ████████████████████████████████████████.

10   ████████████████████████████████████████

11   ████████████████████████.  These opinions are not

12   appropriate for an expert. Experts are not permitted to proffer state-of-mind

13   opinions or legal conclusions because such determinations are properly left to the

14   trier of fact.

15       Finally, Mr. Blount's opinions go beyond the opinions of BNYM's original

16   expert, in violation of this Court's order that BNYM's replacement expert be limited

17   to the same subject matter, theories, and evidence. BNYM should not be permitted

18   to advance new expert opinions at this late stage of the litigation.

19       PSF respectfully requests that its motion *in limine* be granted to preclude

20   BNYM from introducing Mr. Blount's improper opinions at trial.

21   **II.    Statement of Facts**

22       On August 10, 2011, BNYM submitted an expert report from Dr. John W.

23   Peavy. (*See* Expert Report of John W. Peavy III ("Peavy Report"), Declaration of

24   Alison L. Plessman ("Plessman Decl.") ¶ 14, Ex. 13 at 456.) Dr. Peavy was "asked

25   to provide testimony on customs and practices with respect to securities lending

26   programs ('SLPs') and on BNYM's purchase of certain medium-term notes

27   ('MTNs') offered by Sigma Finance, Inc., ('Sigma') and its separate, subsequent

28   decision to hold the Sigma MTNs. [He was also] asked to evaluate whether

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598356

- 4 -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE
CERTAIN TESTIMONY OF EDMON W. BLOUNT

1  BNYM's administration of its SLP and its decisions with respect to the Sigma

2  MTNs were reasonable and appropriate." (Peavy Report ¶ 12, Plessman Decl. ¶ 14,

3  Ex. 13 at 462.)  On September 2, 2011, BNYM submitted a rebuttal report from

4  Dr. Peavy, in which he was asked to respond to reports filed by two of PSF's

5  experts. (*See* Rebuttal Report of John W. Peavy III ("Peavy Rebuttal Report") ¶ 2,

6  Plessman Decl. ¶ 15, Ex. 14 at 592.)  PSF took Dr. Peavy's deposition on

7  September 15, 2011. (*See* Deposition of John W. Peavy III ("Peavy Depo"),

8  Sept. 15, 2011, Plessman Decl. ¶ 16, Ex. 15 at 657.)

9      On November 17, 2011, BNYM applied *ex parte* for permission to designate

10  a replacement expert in light of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*See*

11  BNYM's Ex Parte Application to Authorize Replacement Expert Witness at i.)  The

12  Court granted BNYM's application but limited the replacement expert's report to

13  the "subject matter and theories addressed by" Dr. Peavy's reports. (Order Granting

14  BNYM's *Ex Parte* Application to Authorize Replacement Expert Witness ("Order")

15  at 1, Nov. 21, 2011.)  The Court further stated that "[t]he evidence considered by

16  BNY Mellon's new expert shall be limited to that considered" by Dr. Peavy. (*Id.*)

17      BNYM designated Edmon W. Blount as its replacement expert and submitted

18  his report on January 17, 2012. (*See* Report of Edmon W. Blount ("Blount

19  Report"), Plessman Decl. ¶ 4, Ex. 3 at 155.)  Mr. Blount was asked to provide

20  opinions on: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮n

21  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮e

22  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮e

23  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮e

24  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮f

25  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮s

26  ▮▮▮▮▮▮▮▮▮▮ (*Id.* ¶ 16, Plessman Decl. ¶ 4, Ex. 3 at 161.)  Mr. Blount's

27  conclusions were:

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598356

- 5 -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE
CERTAIN TESTIMONY OF EDMON W. BLOUNT



1    •

10                                                                    (*Id.*)

11   Mr. Blount was deposed on February 24, 2012. (*See* Deposition of Edmon W.

12   Blount ("Blount Depo"), Feb. 24, 2012, Plessman Decl. ¶ 17, Ex. 16 at 671.)

13   **III.   Mr. Blount's Opinion that Holding Sigma Was Reasonable Is Unreliable,**

14   **Irrelevant, and Unduly Prejudicial**

15   **A.   Mr. Blount's Opinion that Holding Sigma Was Reasonable Is**

16   **Based on Unsupported Assumptions from BNYM Rather Than His**

17   **Own Independent Analysis**

18         Unlike other witnesses, an expert is permitted to offer opinions that are not

19   based on firsthand knowledge. *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579,

20   589-92 (1993). "[T]his relaxation of the usual requirement of firsthand

21   knowledge . . . is premised on an assumption that the expert's opinion will have a

22   reliable basis in the knowledge and experience of his discipline." *Id.* at 592; *see*

23   *also* Fed. R. Evid. 702, 703. Trial judges have the responsibility to exclude expert

24   testimony that does not meet this requirement. *Daubert*, 509 U.S. at 597; *Kumho*

25   *Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141-42 (1999).

26         One of the things the court must determine is whether expert testimony is

27   based on reasonable assumptions. *Supply & Bldg. Co. v. Estee Lauder Int'l, Inc.*,

28   No. 95 CIV. 8136(RCC), 2001 WL 1602976, at *4 (S.D.N.Y. Dec. 14, 2001).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598356                                   - 6 -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE
CERTAIN TESTIMONY OF EDMON W. BLOUNT

1  "Assumptions based on conclusory statements of the expert's client, rather than on

2  the expert's independent evaluation are not reasonable." *Id.* at \*4-5 (excluding

3  expert testimony as unreliable); *see also Loeffel Steel Prods., Inc. v. Delta Brands,*

4  *Inc.*, 387 F. Supp. 2d 794, 807 (N.D. Ill. 2005) (excluding defense expert's

5  testimony as unreliable where underlying assumptions came from the defendants'

6  employees). This is not the type of shortcut expected from an expert. *Supply &*

7  *Bldg. Co.*, 2001 WL 1602976, at \*5; *see also Kumho Tire*, 526 U.S. at 152 (an

8  expert must "employ[] in the courtroom the same level of intellectual rigor that

9  characterizes the practice of an expert in the relevant field"); Fed. R. Evid. 703.

10       In this case, Mr. Blount's opinion ████████████████████████████████ e

11  ████████████████████████████████████████████████████████████ d

12  ██████████████████████████████ (*See, e.g.*, Blount Report ¶¶ 55, 80, 97, 121,

13  Plessman Decl. ¶ 4, Ex. 3 at 177, 188, 196, 207.) Mr. Blount also assumes that

14  ████████████████████████████████████████████████████████████ s

15  ████████████████████ (*Id.* ¶ 103, Plessman Decl. ¶ 4, Ex. 3 at 199.)

16  However, Mr. Blount did not independently analyze the soundness of these

17  assumptions. Instead, he relied on conclusory assurances from BNYM and its

18  employees.

19       For example, Mr. Blount relied on self-serving testimony from Thomas Ford

20  (BNYM's former executive vice president who managed its securities lending

21  business) that ████████████████████████████████ l

22  ████████████████████████████████████████████████████████ s

23  ████████████████████████████████████████████████████████ a

24  ████████████ (*Id.* ¶ 96, Plessman Decl. ¶ 4, Ex. 3 at 195-96.) Mr. Blount also

25  relied on Mr. Ford's testimony that ████████████████████████████████ n

26  ████████████ (*Id.* ¶ 103, Plessman Decl. ¶ 4, Ex. 3 at 199; *see also id.* ¶ 110 &

27  n.192 (relying on similar testimony from Lawrence Mannix, BNYM's managing

28  director responsible for trading), Plessman Decl. ¶ 4, Ex. 3 at 202.)

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598356

- 7 -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE
CERTAIN TESTIMONY OF EDMON W. BLOUNT



1    Under Mr. Blount's own framework, █████████████████████

2    ████████████████████████████████████████████████████

3    ████████████████████████████████████████████████████

4    ████████████████████████████████████████████████████

5    ████████████████████████████████████████████████████

6    ████████████████████████████████████████████████████

7    ████████████████████████████████ (*Id.* ¶ 79, Plessman

8    Decl. ¶ 4, Ex. 3 at 188.)  Mr. Blount did not independently analyze any of these

9    factors to determine whether █████████████████████████████

10   ███████████████████████████████.

11       Mr. Blount did not independently analyze the expected return from holding

12   the Sigma MTNs.  (Blount Depo. at 189:5-20, Plessman Decl. ¶ 17, Ex. 16 at 679.)

13   ███████████████████████████ (*Id.* at 246:11-21,

14   247:12-16 ███████████████████████████"), 249:17-23, Plessman

15   Decl. ¶ 17, Ex. 16 at 684.)  He also failed to independently evaluate t██████

16   ███████████████████████ (*Id.* at 174:18-175:5, 196:22-199:9, Plessman

17   Decl. ¶ 17, Ex. 16 at 678, 681-82.)  And despite claiming tha█████████████a

18   ████████████████████████████████, Mr. Blount did not estimate

19   ████████████████████████ (*Id.* at 188:9-18, Plessman Decl.

20   ¶ 17, Ex. 16 at 679.)[1]

21       Instead, Mr. Blount ██████████████████████████████████

22   ████████████████████████.  (Blount Depo. at 189:21-190:3,

23   197:15-198:3, Plessman Decl. ¶ 17, Ex. 16 at 679-82 .)  Given this assumption, he

24

25       [1] Mr. Blount cites █████████████████████████████████

26   ████████████████████████████████████████████████████

27   ████████████████████████████████████████████████████

28   ████████████████████████████████████████████████████

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598356



1   ████████████████████████████████████████████████████████s

2   ████████████████████████████████████████████████████████d

3   █████████████████████████████████████████████████████████e

4   ████████████████████████████████████████████████████████y

5   ██████████████████████████████████ (*Id.* at 193:10-14, Plessman Decl.

6   ¶ 17, Ex. 16 at 680; *see also id.* at 174:18-175:12, 194:9-195:25, 197:15-198:3,

7   Plessman Decl. ¶ 17, Ex. 16 at 678, 681-82.) Indeed, Mr. Blount ███████████s

8   ██████████████████████████████████████████████████████t

9   ███████████████████████████████████████████████████████r.

10  (*Id.* at 191:11-24, 192:18-194:8, 196:22-197:14, 198:24-200:3, Plessman Decl. ¶ 17,

11  Ex. 16 at 680-82.)

12       Mr. Blount's opinion that █████████████████████████s

13  ██████████████████████████████████████████████████████s

14  █████████████████████████████████████████████████████.

15  ████████████████████████████████████████████████████s

16  ██████████████████████████████████████████████████████e

17  ██████████████████████, Plessman Decl. ¶ 17, Ex. 16 at 683.)[2] This is especially

18  troubling given Mr. Blount's opinion that ██████████████████a

19  █████████████████████████████████████████████." (*See*

20  Blount Report ¶¶ 55 n.89, 87, Plessman Decl. ¶ 4, Ex. 3 at 177.) The fact that MTN

21  sales could have triggered Sigma's sudden collapse demonstrates the precarious

22  position that Sigma was in. This only underscores the unreliability of BNYM's

23  assurance that it reasonably believed Sigma would mature at par. *See Supply &*

24  *Bldg. Co.*, 2001 WL 1602976, at *5 (exclusion proper where "client's guarantees

25  were not reliable and were contradicted by other data"). Mr. Blount's unquestioning

26

27  _____
    [2] This testimony is improper because "[a]n expert witness is not permitted to testify specifically to a witness' credibility or to testify in such a manner as to

28  improperly buttress a witness' credibility." *U.S. v. Candoli*, 870 F.2d 496, 506 (9th Cir. 1989).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598356                                              - 9 -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE
CERTAIN TESTIMONY OF EDMON W. BLOUNT

1   reliance on BNYM is not the province of an expert. *See Loeffel Steel*, 387 F. Supp.

2   2d at 807-08 (excluding testimony where expert "brought no expertise to bear on the

3   underlying assumptions on which his [opinion] was based.").

4        Mr. Blount's opinions on the reasonableness of BNYM's decision to hold

5   Sigma should also be excluded as irrelevant and misleading under Federal Rules of

6   Evidence 401, 402, and 403. The soundness of his underlying assumptions are

7   disputed and ultimately will be for the jury to decide. Mr. Blount's testimony could

8   mislead the jury into thinking that BNYM reasonably concluded that Sigma would

9   mature at par simply because an expert said so. However, Mr. Bloun███████t

10  ████████████████████████████████████████████████████████████re

11  ████████████████████████████████ This is improper. *See Loeffel Steel*,

12  387 F. Supp. 2d at 808 (An expert is not permitted, "under the guise of giving expert

13  testimony, to in effect become the mouthpiece of the witnesses on whose statements

14  or opinions the expert purports to base his opinion.").

15       For the aforementioned reasons, Mr. Blount should be precluded from

16  testifying at trial that BNYM's decision to hold Sigma MTNs was reasonable.

17     **B.**   <u>**Mr. Blount's Opinion that Holding Sigma Was Reasonable Is**</u>

18          <u>**Based on Theories and Evidence Not Considered by Dr. Peavy**</u>

19       The Court granted BNYM permission to replace Dr. Peavy with Mr. Blount,

20  on the condition that Mr. Blount's report and testimony be limited to the subject

21  matter, theories, and evidence considered by Dr. Peavy. (Order at 1.) As discussed

22  above, Mr. Blount███████████████████████████████████r

23  ██████████████ However, even if he had, Mr. Blount's testimony would be

24  improper because████████████████████████████████f

25  █████████ Like Mr. Blount███████████████████████n

26  ███████████████████████████████████.

27       At his deposition, Dr. Peavy acknowledged that████████████y

28  ████████████████████████████. (Peavy Depo. at

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598356

- 10 -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE
CERTAIN TESTIMONY OF EDMON W. BLOUNT



1   162:19-25, Plessman Decl. ¶ 16, Ex. 15 at 662.)  Instead, he ▮▮▮▮▮▮s

2   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"  (*Id.*) ▮▮▮

3   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  (*Id.* at 192:15-22, Plessman Decl.

4   ¶ 16, Ex. 15 at 665.)  Again, he merely ▮▮▮▮▮▮▮▮▮▮▮ (*Id.*)

5        Dr. Peavy also failed to evaluate ▮▮▮▮▮▮▮▮▮▮▮▮

6   ▮▮  (*Id.* at 164:19-165:2, 166:1-19, 226:3-7, Plessman Decl. ¶ 16, Ex. 15 at

7   662-63, 667.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮f

8   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮t,

9   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮e

10  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮o

11  ▮▮▮▮▮▮▮▮▮▮▮"  (*Id.* at 166:1-12, Plessman Decl. ¶ 16,

12  Ex. 15 at 663.)  And despite claiming that ▮▮▮▮▮▮▮▮e

13  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮d

14  ▮▮▮▮▮▮▮▮  (*Id.* at 186:22-187:10, Plessman Decl. ¶ 16, Ex. 15 at

15  664.)

16       In his report Dr. Peavy stated that the prudence or imprudence of a decision to

17  hold or sell an investment can only be made "by weighing the costs and benefits of

18  specific alternative courses of action."  (Peavy Report ¶ 116, Plessman Decl. ¶ 14,

19  Ex. 13 at 508.)  Yet Dr. Peavy's testimony confirms that ▮▮▮▮▮▮

20  ▮▮▮▮▮▮▮▮▮▮  (*See* Peavy Depo. at 203:5-10 ▮▮▮▮▮▮▮t

21  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮y), Plessman

22  Decl. ¶ 16, Ex. 15 at 666.)  Dr. Peavy simply relied on assurances that BNYM did.

23  This is improper under his own framework.

24       Because Dr. Peavy was incapable, under his own framework, of opining on

25  the reasonableness of BNYM's decision to hold Sigma, Mr. Blount should be

26  prohibited from doing so.  Such testimony would violate this Court's order that

27  Mr. Blount's testimony be limited to subject matter, theories, and evidence

28  considered by Dr. Peavy.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

2598356

- 11 -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE
CERTAIN TESTIMONY OF EDMON W. BLOUNT

1    **C.    Mr. Blount's Opinion that Holding Sigma Was Reasonable Is**
2    **Based on Improper Conclusions as to BNYM's State of Mind**

3    "[O]pinions concerning state of mind are an inappropriate topic for expert

4    opinion." *Bd. of Trs. of AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*,

5    No. 09 CIV 686(SAS), 2011 WL 6288415, at *8 (S.D.N.Y. Dec. 15, 2011).  The

6    mental state of others is generally beyond an expert's expertise.  *Hershey v. Pac.*

7    *Inv. Mgmt. Co. LLC*, 697 F. Supp. 2d 945, 949-50 (N.D. Ill. 2010) (noting that "the

8    Court has no reason to believe that [the expert's] expertise affords him the ability to

9    read minds").  Moreover, determinations as to state of mind draw on inferences that

10   are properly reserved for the finder of fact. *JPMorgan*, 2011 WL 6288415, at *8-9;

11   *Hershey*, 697 F. Supp. 2d at 949 (excluding expert testimony on state of mind

12   because it would "substitute [the expert's] inferences for those that the trier of fact

13   can and should draw on its own").  Accordingly, expert testimony on state of mind

14   is properly excluded as unreliable and unhelpful to the jury and "because the

15   potential exists that the jury, though fully capable of reaching a conclusion on its

16   own, will give undue deference to [the expert's] conclusion." *Hershey*, 697 F. Supp.

17   2d at 949-50; *see also* Fed. R. Evid. 403.

18   Mr. Blount's conclusion that BNYM's decision to hold Sigma was reasonable

19   is based on improper opinions as to the state of mind of BNYM and its employees.

20   The following are examples of improper state-of-mind opinions from Mr. Blount's

21   report:



Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE
CERTAIN TESTIMONY OF EDMON W. BLOUNT

- 12 -

2598356

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations



7  These state-of-mind opinions are unreliable and unhelpful because the mental state

8  of others is beyond Mr. Blount's purported expertise. The jury is fully capable of

9  forming its own opinions as to the state of mind of BNYM and its employees. For

10  that reason, Mr. Blount should be precluded from offering opinions on state of mind.

11  **IV.   Mr. Blount's Opinion tha** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮**s**

12  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13       **A.   Mr. Blount's Opinion th** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮**g**

14  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮**s**

15  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

16       To be admissible under Rule 702, an expert opinion must be "based on

17  sufficient facts or data" and "the product of reliable principles and methods." Fed.

18  R. Evid. 702; *see also Daubert*, 509 U.S. at 597 (the trial court should ensure that

19  "an expert's testimony both rests on a reliable foundation and is relevant to the task

20  at hand"). Expert testimony that includes "unsupported speculation and subjective

21  beliefs" fails to meet these requirements. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254

22  F.3d 825, 829-31 (9th Cir. 2001) (affirming exclusion of expert opinion not

23  sufficiently founded on facts); *see also Joya v. City of Hayward*, No. C 07-4718

24  CRB, 2010 WL 1460305, at *3 (N.D. Cal. Apr. 7, 2010) ("Speculation, whether by

25  an expert or a percipient witness, is not evidence.").

26       In this case, Mr. Blount claims that PSF ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

27  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Blount Report ¶ 120, Plessman Decl. ¶ 4,

28  Ex. 3 at 206-07.) Similarly, Mr. Blount claims that PSF ▮▮▮▮▮▮,

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598356

- 13 -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE
CERTAIN TESTIMONY OF EDMON W. BLOUNT

1    ████████████████████████████████████████████████████t

2    ██████████████████████████" (*Id.* ¶ 119, Plessman Decl. ¶ 4, Ex. 3 at 206.)

3    Mr. Blount fails to provide factual support for these assertions.  As purported

4    evidence, Mr. Blount claims that ████████████████████████████████████f

5    █████████████████████████████████████████████████████████d

6    █████████████████████████████████████████████████████████s

7    █████████████████████████████████████████████████████████n

8    █████████████████████████████████████████████████████████t

9    ███████████████████████████████████████." (*See* Meeting

10   Minutes at PSF00035386-88, Jan. 15, 2008, Plessman Decl. ¶ 18, Ex. 17 at 695-97;

11   Meeting Minutes at PSF00035569-71, Sept. 23-24, 2008, Plessman Decl. ¶ 19,

12   Ex. 18 at 704-06; Holmlund Email at PSF00000230, Plessman Decl. ¶ 20, Ex. 19 at

13   709; Doherty Email at PSF00075606, Plessman Decl. ¶ 21, Ex. 20 at 711.)

14        Instead, Mr. Blount speculates that, ██████████████████████,

15   █████████████████████████████████████████████████████████n

16   ████████ (Blount Report ¶ 120, Plessman Decl. ¶ 4, Ex. 3 at 206-07.)  Mr. Blount

17   bases this conclusion on further speculation that ███████████████████y

18   ███████████████████████████████████████████████████████e

19   ████████ (*Id.*; *see also* Blount Depo. at 329:9-331:16, Plessman

20   Decl. ¶ 17, Ex. 16 at 689-90.)  As an initial matter, Mr. Blount's opinion tha ███F

21   █████████████████████████████████████████████████o

22   ████████████████████████████████████████████████████████r

23   ██████████████ (*See* Blount Depo. at 290:8-291:8, 332:3-17, Plessman Decl.

24   ¶ 17, Ex. 16 at 686, 690.)[3]  Furthermore, Mr. Blount cannot conclude that ███

25   █████████████████████████████████████████████████████g

26

27   _____

     [3] Mr. Blount's speculative belief that ████████████████████

28   ████████████████████████████████████████████████████████

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598356                                              - 14 -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE
CERTAIN TESTIMONY OF EDMON W. BLOUNT



1              *See Joya*, 2010 WL 1460305, at \*3 ("[S]peculation,

2 which is confirmed by the expert's statement that 'it appears' . . . merely reflects the

3 expert's guess.").

4       Mr. Blount also invokes

5

6          (Blount Report ¶ 120, Plessman Decl. ¶ 4, Ex. 3 at 206-07; *see*

7 *also* Blount Depo. at 287:1-7, 288:2-13. 290:8-291:8, 291:23-294:9, Plessman Decl.

8 ¶ 17, Ex. 16 at 685-87.) This too is improper. *See Supply & Bldg. Co*, 2001 WL

9 1602976, at \*4 (expert prohibited from making assumptions based on the parties'

10 purported expertise rather than his own independent evaluation). Accordingly,

11 Mr. Blount's opinion that PSI

12

13       Mr. Blount's opinions should also be excluded as irrelevant and unduly

14 prejudicial. *See* Fed. R. Evid. 401, 402, and 403. Mr. Blount's opinion tha

15

16             Nevertheless, Mr. Blount's opinion

17 could mislead the jury into thinking that

18

19

20

21     **B.**     **Mr. Blount's Opinion that**

22         **Is Based on Theories and Evidence Not Considered by**

23        **Dr. Peavy**

24       Mr. Blount's opinion that               a also violates this

25 Court's order that his report and testimony be limited to the subject matter, theories,

26 and evidence considered by Dr. Peavy in his reports. (Order at 1.) Unlike

27 Mr. Blount,

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598356

- 15 -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE
CERTAIN TESTIMONY OF EDMON W. BLOUNT

1  risks of holding Sigma.  Nor did Dr. Peavy consider ███████████████████ d

2  ███████████████████████████████████████.

3      In his rebuttal report, Dr. Peavy alleges that ████████████████ T

4  ████████ (Peavy Rebuttal Report ¶ 37, Plessman Decl. ¶ 15, Ex. 14 at 607-08.)

5  But Dr. Peavy does not claim in either of his reports that ████████████ d

6  ████ (Peavy Report, Plessman Decl. ¶ 14, Ex. 13 at 456; Peavy Rebuttal Report,

7  Plessman Decl. ¶ 15, Ex. 14 at 589.)  Nor could he, as he admitted at his deposition

8  that ████████████████████.  (Peavy Depo. at 76:11-24, Plessman

9  Decl. ¶ 16, Ex. 15 at 661.)  Moreover, Dr. Peavy cites ███████████████ f

10  ██████████████████████████████████ d

11  ████████ (Peavy Rebuttal Report ¶ 38, Plessman Decl. ¶ 15, Ex. 14 at 608.)[4]

12  Dr. Peavy does not cite ███████████████████████████████ w

13  ███████████████████.

14      The only overlap between Dr. Peavy and Mr. Blount on this issue is that they

15  both agree that ███████████████████ (*Compare* Peavy Depo. at

16  58:16-59:15, 60:9-22 (████████████████████ y

17  ████████████, 62:13-63:2, Plessman Decl. ¶ 16, Ex. 15 at 658-59

18  *with* Blount Depo. at 290:8-291:8 ("████████████████), Plessman

19  Decl. ¶ 17, Ex. 16 at 686.)  The fa████████████████████ s

20  ███████████████████████████ s it.

21      Under this Court's prior order, Mr. Blount is prohibited from proffering the

22  theory that ████████████████████.  Dr. Peavy never

23  raised this theory; indeed, he stated that ███████████████████ s

24

25  _____

26  [4] At his deposition, Dr. Peavy ███████████████████

27  ████████████████████████████████████ r

28  ████████████████████

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598356

- 16 -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE
CERTAIN TESTIMONY OF EDMON W. BLOUNT

1 │ o███ (*See* Peavy Depo. at 71:13-72:10, 76:11-77:18, Plessman Decl. ¶ 16,

2 │ Ex. 15 at 660-61.)

3 │ **C.** **Mr. Blount's Opinion that PSF Accepted the Risks of Holding**

4 │ **Sigma Is Based on Improper Legal Conclusions and Improper**

5 │ **Conclusions as to PSF's State of Mind**

6 │ As discussed above, an expert may not offer state-of-mind opinions because

7 │ determinations as to state of mind draw on inferences that are properly reserved for

8 │ the finder of fact. *JPMorgan*, 2011 WL 6288415, at *8-9; *Hershey*, 697 F. Supp. 2d

9 │ at 949-50. By the same token, an expert is not permitted to give opinions consisting

10 │ of legal conclusions because those are also matters for the trier of fact. *Nationwide*

11 │ *Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008); *Aguilar v.*

12 │ *Int'l Longshoremen's Union Local # 10*, 966 F.2d 443, 447 (9th Cir. 1992)

13 │ (excluding expert declaration consisting of legal conclusions as "utterly unhelpful").

14 │ Mr. Blount does both.

15 │ In claiming that ███████████████████████ █t

16 │ ████████████████████████████████████████ s

17 │ █████████████████ :

18 │ █ █████████████████████████████████ n

19 │ █████████████████████ █ ██████████████ 3

20 │ ███████ )

21 │ █ ████████████████████████████████ e

22 │ ████████████████████████████████████ "

23 │ ████ █ ██████████████████████ )

24 │ █ ██████████████████████████████████ s

25 │ ███████████████████████████████████ )

26 │ Mr. Blount also speculates as to ████████████████████████ ,

27 │ ████████████████████████████████████ t:

28 │

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598356

- 17 -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE
CERTAIN TESTIMONY OF EDMON W. BLOUNT



1 • ████████████████████████████████████████d

2 ████████████████████████████████████████.

3 █████ ██ █████████) 

4 █ ██████████████████████████d

5 ████████████████████████████████,

6 ██████ ██ ████████)

7 Mr. Blount's opinions on ██████████████████ are not appropriate.

8 ████████████████████████████████████████is

9 ████████████████████████████████████████d

10 ███████ecause the jury must be free to draw its own inferences, Mr. Blount's

11 state-of-mind opinions should be excluded.

12    Mr. Blount's opinions should also be excluded as improper legal conclusions

13 that infringe upon the role of the trier of fact. It is "axiomatic that the 'expert' may

14 not go far as to usurp the exclusive function of the jury to weigh the evidence and

15 determine credibility." *U.S. v. Ward*, 169 F.2d 460, 462 (3d Cir. 1948). Weighing

16 the evidence is exactly what Mr. Blount purports to do here. Indeed, Mr. Blount

17 states that ████████████████████████████████st

18 ████████████████ (Blount Report ¶ 119, Plessman Decl. ¶ 4, Ex. 3 at 206.)

19 Mr. Blount also cites the fact that ████████████████g

20 ████████████████. (*Id.* ¶ 120, Plessman Decl.

21 ¶ 4, Ex. 3 at 206-07.) Determining what the evidence shows is the exclusive

22 province of the jury. For that reason, Mr. Blount should be prohibited from stating

23 the legal conclusion that ████████████████████████

24 ███.

25 **V.    Mr. Blount's Opinion that Lehman's Collapse Was the Proximal Cause**

26 **of Sigma's Default Is Unreliable, Irrelevant, and Unduly Prejudicial**

27    In his report, Mr. Blount opines that ████████████████e

28 ████████████████ (Blount Report ¶¶ 110-15, Plessman Decl.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598356                                    - 18 -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE
CERTAIN TESTIMONY OF EDMON W. BLOUNT

1    ¶ 4, Ex. 3 at 202-04.)  Mr. Blount speculates that ███████████████████'s

2    ████████████████████████████████████████████████████████y

3    ██████████████████████████████████████." (*Id.* ¶ 110,

4    Plessman Decl. ¶ 4, Ex. 3 at 202; *see also* Blount Depo. at 328:8-329:8, Plessman

5    Decl. ¶ 17, Ex. 16 at 689.)

6        Mr. Blount's musings on ███████████████████████e

7    ████████████████████████ are improper for the reasons set forth in

8    PSF's motion *in limine* to exclude the testimony of Robert Glenn Hubbard,

9    including that (1) BNYM did not plead superseding cause as an affirmative defense

10   as required under Federal Rule of Civil Procedure 8(c); (2) whether Lehman's

11   bankruptcy was foreseeable is irrelevant because PSF's Sigma losses were

12   foreseeable; and (3) any marginal value of evidence relating to Lehman's

13   bankruptcy is substantially outweighed by the danger of a mini-trial on side issues

14   that will mislead the jurors and waste their time. (*See* PSF's MIL No. 1 Parts III, V,

15   VI.) Like Dr. Hubbard, ██████████████████████████████f

16   ████████████████████████████████████████a

17   █████████████ *See Akins v. County of Sonoma*, 67 Cal. 2d 185, 199 (1967).

18   While Mr. Blount speculates that ████████████████████████e

19   ████████████████████████████████████████r

20   ████████████████████████████████████████o

21   ███████████████████ (Blount Report ¶ 110, Plessman Decl. ¶ 4, Ex. 3 at 202.)

22   The latter is the type of foreseeability analysis required under California law.

23       Mr. Blount's opinion that ██████████████████████f

24   █████████████ is also an impermissible legal conclusion. *See Nationwide*, 523

25   F.3d at 1058 ("[A]n expert witness cannot give an opinion as to her *legal*

26   *conclusion*, i.e., an opinion on an ultimate issue of law.").

27       In addition, Mr. Blount's opinion goes beyond the subject matter, theories,

28   and evidence considered by Dr. Peavy in his reports, in violation of this Court's

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598356

- 19 -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE
CERTAIN TESTIMONY OF EDMON W. BLOUNT

1   prior order.  (Order at 1.)  In particular, Mr. Blount's opinion relies o███████d

2   ████████████████████████████████████████████████████████████████████d

3   ████████████████████ (Blount Report ¶¶ 112-13, Plessman Decl. ¶ 4, Ex. 3 at

4   203.)  He also cites ███████████████████████████████████ (*Id.* at

5   ¶ 113 n.197, Plessman Decl. ¶ 4, Ex. 3 at 203.███████████████████e

6   ███████████████████████████████████████████. (*See* Peavy

7   Report, Plessman Decl. ¶ 14, Ex. 13 at 456; Peavy Rebuttal Report, Plessman Decl.

8   ¶ 15, Ex. 14 at 589.)  Because Mr. Blount relies on new evidence and new theories,

9   his opinion that ██████████████████████████████████████d.

10  **VI.    Conclusion**

11          For the foregoing reasons, PSF respectfully requests that its motion *in limine*

12  be granted to exclude at trial Mr. Blount's report as well as testimony relating to

13  Mr. Blount's improper opinions as described above.

14

15  Dated: March 19, 2012              Respectfully submitted,

16                                      IRELL & MANELLA LLP

17

18                                      By: *Alison P. Plessman*

19                                          Alison L. Plessman
                                            Attorneys for Plaintiff
20                                          Pacific Select Fund

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2598356                                   - 20 -

Case No. SACV 10-00198-JST (ANx)
PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE
CERTAIN TESTIMONY OF EDMON W. BLOUNT