IRELL & MANELLA LLP
John C. Hueston (CA Bar No. 164921)
*jhueston@irell.com*
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone:  (949) 760-0991
Facsimile:  (949) 760-5200

Alison L. Plessman (CA Bar No. 250631)
*aplessman@irell.com*
Jeremiah D. Kelman (CA Bar No. 238298)
*jkelman@irell.com*
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:  (310) 277-1010
Facsimile:  (310) 203-7199

Attorneys for Plaintiff
Pacific Select Fund

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| PACIFIC SELECT FUND,<br><br>            Plaintiff,<br><br>    vs.<br><br>THE BANK OF NEW YORK MELLON, a New York state chartered bank, and BNY MELLON, N.A., a nationally-chartered bank.<br><br>         Defendants. | ) Case No. SACV10-00198 JST (Anx)<br>)<br>) **[PROPOSED] GENERAL VERDICT**<br>) **FORM WITH WRITTEN**<br>) **QUESTIONS FOR DEFENDANT**<br>) **BNY MELLON, N.A.**<br>)<br>) Assigned: Hon. Josephine Staton Tucker<br>)<br>) Complaint Filed:   February 17, 2010<br>) Pretrial Conference: July 2, 2012<br>) Trial Date:         July 31, 2012<br>)<br>) |

1
2

## **PACIFIC SELECT FUND'S PROPOSED GENERAL VERDICT FORM WITH WRITTEN QUESTIONS**

3
4
5
6
7

Pacific Select Fund hereby submits its preliminary Proposed General Verdict Form with Written Questions.  Pacific Select Fund reserves the right to revise, amend or supplement this form.  Comparative fault instructions are provided in brackets below, to be included if a comparative fault instruction is actually given (and for the reasons discussed below, it should not be).

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 1 -

## <u>GENERAL VERDICT AND WRITTEN QUESTIONS</u>

**Please follow the instructions below and answer the questions in Section's A through of C of this Form.**

For each of Pacific Select Fund's claims against BNY Mellon, N.A., you may be asked whether you award damages.  If you do award such damages, each question asking you to list an amount of damages must be answered independent from any other questions asking you to provide damages.  Based on your answers, the judge will reduce the damages, if necessary,[based on any determination of comparative fault, and] to eliminate any double counting or duplication. Accordingly, in listing the amount of damages in each section, you are not to [take into account any comparative fault percentages or] reduce the damages you determine based on any concerns regarding double counting or duplication.

### SECTION A.   BREACH OF CONTRACT CAUSE OF ACTION

We, the jury in the above-entitled action, find in favor of

_____ Pacific Select Fund

[OR]

_____ BNY Mellon, N.A.

**If you found in favor of Pacific Select Fund, please answer Question 1 of Section A.  If you found in favor of BNY Mellon, N.A., please skip to Section B.**

1.  What amount of damages do you award Pacific Select Fund for BNY Mellon, N.A.'s breach of its contract with Pacific Select Fund?  [If comparative fault instruction is given: Do not reduce the damages based on the fault, if any, of Pacific Select Fund.]

$_____

**SECTION B.   BREACH OF FIDUCIARY DUTY CAUSE OF ACTION**

We, the jury in the above-entitled action, find in favor of

_____ Pacific Select Fund

[OR]

_____ BNY Mellon, N.A.

**If you found in favor of Pacific Select Fund, please answer Questions 1-6 of Section B.  If you found in favor of BNY Mellon, N.A., please skip to Section C.**

1.  What amount of damages do you award Pacific Select Fund for BNY Mellon, N.A.'s breach of its fiduciary duties? [If comparative fault instruction is given: Do not reduce the damages based on the fault, if any, of Pacific Select Fund.]

$_____

2.  What amount of securities lending fees paid by Pacific Select Fund to BNY Mellon, N.A. during the period in which BNY Mellon, N.A. breached its fiduciary duties to Pacific Select Fund should be returned to Pacific Select Fund?

$_____

3.  In breaching its fiduciary duties, did Defendant BNY Mellon, N.A. engage in conduct with malice, oppression, or fraud?

_____Yes

_____No

- 3 -

[PROPOSED] GENERAL VERDICT
FORM WITH WRITTEN QUESTIONS

4.   If you answered "yes" to Question 3, do you award punitive damages against BNY Mellon, N.A.?

        \_\_\_\_Yes

        \_\_\_\_No

5.   If you answered "yes" to Question 4, what amount of punitive damages do you award against BNY Mellon, N.A.?

    $_____

**SECTION C.   PROFESSIONAL NEGLIGENCE CAUSE OF ACTION**

We, the jury in the above-entitled action, find in favor of

_____ Pacific Select Fund

[OR]

_____ BNY Mellon, N.A.

**If you found in favor of Pacific Select Fund, please answer Question 1 of Section C.  If you found in favor of BNY Mellon, N.A., please sign below and then answer the additional questions in the next section.**

1.  What amount of damages do you award Pacific Select Fund for BNY Mellon, N.A.'s professional negligence?  [If comparative fault instruction is given: Do not reduce the damages based on the fault, if any, of Pacific Select Fund.]

$_____

**Please and date this form below and then turn to the next page.**

_____

Foreperson

Dated: _____

## ADDITIONAL WRITTEN QUESTIONS
## COMPARATIVE FAULT

[As Pacific Select Fund explains in its proposed jury instructions, a comparative fault jury instruction would be improper in light of the risk allocation and indemnification provisions in the parties' securities lending agreement, which shifts full responsibility for Pacific Select Fund's losses to Defendants.  This is especially true in light of the fact that Defendants have never cited a single piece of evidence supporting a theory that Pacific Select Fund was actively negligent.  Moreover, even putting aside the risk allocation and indemnification provisions in this case, a comparative fault jury instruction should not be given absent substantial evidence that plaintiff was negligent.  Defendants have not, and cannot, point to a single duty or obligation that Pacific Select Fund owed under the securities lending agreement or otherwise.  Thus, Defendants cannot present substantial evidence that plaintiff was negligent at trial and a comparative fault instruction should not be given.  Thus, this portion of the verdict form should only be given to the jury if the Court adopts Defendants' comparative fault jury instruction.]

If you found in favor of Pacific Select Fund on its Professional Negligence and/or Breach of Fiduciary Duty claims, answer questions 1 through 3, below. Otherwise, sign and date the form below.

1. Do you find that Pacific Select Fund's damages were in part caused by the negligent conduct of Pacific Select Fund?

_____Yes

_____No

2.  If your answer to Question 1 is "Yes", was Pacific Select Fund's negligence active or was it passive as defined in the jury instructions?

_____ Active

_____ Passive

3.  If your answer to Question 1 is "No" and/or your answer to Question 2 is "Passive," then put a zero (0) on the percentage line below for Pacific Select Fund. If your answer to Question 1 is "Yes" <u>and</u> your answer to Question 2 is "Active," what relative percentage of Pacific Select Fund's losses do you find to be the fault of the respective parties?

BNY Mellon, N.A.     _____%

Pacific Select Fund     _____%

Total:  100%

**Please and date this form below.**

_____

Foreperson

Dated: _____

[PROPOSED] GENERAL VERDICT
FORM WITH WRITTEN QUESTIONS