UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 10-198-JST (ANx)             Date:  July 2, 2012

Title:  Pacific Select Fund v. The Bank of New York Mellon, et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

    Not Present                                         Not Present

**PROCEEDINGS:**   **(IN CHAMBERS) RULINGS ON THE PARTIES'** *MOTIONS IN LIMINE*

The Court, having reviewed the briefing and having heard oral argument, rules as follows on each motion presented:

**I.**    **Plaintiff's Motion** *in Limine* **No. 1 to Exclude the Testimony and Report of Robert Glenn Hubbard (Doc. 234)**

     **Ruling:** DENIED

Plaintiff's first motion *in limine* seeks to exclude the testimony and report of Defendants' expert, Dr. Robert Glenn Hubbard, regarding the foreseeability and effects of the Lehman bankruptcy on the basis that such testimony is improper under Federal Rule of Evidence 702, irrelevant under Rules 104(b), 401, and 402, and that its probative value is outweighed by the risk of juror confusion and wasted time under Rule 403.

As to Rule 702, Plaintiff does not dispute that Dr. Hubbard is qualified as an expert by his "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Plaintiff also does not dispute the reliability of Dr. Hubbard's methods, or contend that his opinions are based on insufficient facts or data. Rather, Plaintiff argues that the Court should exclude Dr. Hubbard's testimony as unreliable because his definition of the term "reasonably foreseeable" conflicts with the definition of "foreseeability" under California law. Even if true, it is not a basis to exclude his testimony. The Court will instruct the jury on California's law regarding foreseeability. There is no reason to believe that the jury will not understand, or will disregard, those instructions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 10-198-JST (ANx) | Date: July 2, 2012 |
| Title: Pacific Select Fund v. The Bank of New York Mellon, et al. | |

The Court also rejects Plaintiff's relevance objections. The foreseeability of Sigma losses is at the center of the prudence issue to be decided in this case. Dr. Hubbard's testimony is relevant to that issue insofar as it relates to the foreseeability of the Lehman bankruptcy and its effect on Plaintiff's Sigma losses. The Court will not exclude Dr. Hubbard's testimony because Plaintiff disputes the impact of the Lehman bankruptcy on the Sigma losses. The significance of the Lehman bankruptcy is an issue for the jury in this case.

As to Rule 403, the Court agrees with the Defendants that the foreseeability and effect of the Lehman bankruptcy is at the heart of their defense, and is not a "sideshow" that will lead to juror confusion or wasted time. Accordingly, Plaintiff's motion to exclude Dr. Hubbard's testimony is DENIED.

## II. Plaintiff's Motion *in Limine* No. 2 to Exclude the Report and Certain Testimony of Edmon W. Blount (Doc. 235)

**Ruling**: GRANTED IN PART AND DENIED IN PART

Plaintiff's second motion *in limine* seeks to exclude the report and certain testimony of Defendants' expert, Edmon W. Blount. The Court will address each challenged opinion.

First, Plaintiff seeks to exclude under Federal Rules of Evidence 702, 703, 401, 402, and 403, and the Court's November 21, 2011 Order Granting Defendants' Ex Parte Application to Authorize Replacement Expert Witness and Modify the Schedule ("November 21 Order," Doc. 124), Mr. Blount's opinion that Defendants' decision to hold Sigma MTNs was reasonable. As to Rules 702 and 703, Plaintiff argues that Mr. Blount's opinion should be excluded because it relies upon assumptions provided by Defendants rather than Mr. Blount's independent analysis, and because it is based upon improper conclusions as to Defendants' state of mind. The Court disagrees. Mr. Blount's report demonstrates a factual basis for his assertion that it was reasonable to expect Sigma to avoid default or to mature at par separate and apart from Defendants' beliefs. Plaintiff's objections under Rules 401, 402, and 403, are based on the same arguments, and are, therefore, also rejected.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-198-JST (ANx)                                      Date: July 2, 2012

Title: Pacific Select Fund v. The Bank of New York Mellon, et al.

The Court also rejects Plaintiff's contention that Mr. Blount's opinion exceeds the scope of the Court's November 21 Order. The Court finds that Mr. Blount covers the same subject matter and theories as Dr. Peavy, and Plaintiff shows no evidence available to Mr. Blount for consideration that was not considered by Dr. Peavy. Therefore, Plaintiff's motion is DENIED as to Mr. Blount's report and testimony regarding the reasonableness of Defendants' decision to hold Sigma MTNs.

Second, Plaintiff seeks to exclude under Rules 702, 401, 402 and 403, and the Court's November 21 Order, Mr. Blount's opinion that Plaintiff accepted the risk of holding Sigma MTNs. As to Rule 702, Plaintiff argues that Mr. Blount's opinion is unreliable because it is factually unsupported and speculative. However, as an expert, Mr. Blount may point to evidence that causes him to conclude that Plaintiff accepted the risks of the Sigma notes. The issues raised in Plaintiff's motion as to the veracity of that belief can be raised during cross-examination. Plaintiff's objections under Rules 401, 402, and 403, fail for the same reasons.

The Court also concludes that Mr. Blount's opinion does not exceed the scope of its November 21 Order. It relies on the same subject matter and theories as Dr. Peavy's reports, and Plaintiff has pointed to no evidence considered by Mr. Blount that was not also considered by Dr. Peavy. Accordingly, Plaintiff's motion is DENIED as to Mr. Blount's report and testimony regarding Plaintiff's assumption of risk in holding Sigma MTNs.

Third, Plaintiff seeks to exclude under Rules 702, 401, 402 and 403, and the Court's November 21 Order, Mr. Blount's conclusion that the Lehman bankruptcy was the "proximal cause" of Sigma's default. The Court concludes that the use of term "proximal cause" is an impermissible legal conclusion, and Mr. Blount may not testify as to the "proximal" or proximate cause of Sigma's default. *See Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1059 (9th Cir. 2008). Mr. Blount may, however, testify regarding his opinion as to the effect of the Lehman bankruptcy on Sigma's liquidity. Plaintiff's remaining objections under Rules 401, 402, and 403, are overruled for the same reasons the Court set forth in denying Plaintiff's motion to exclude the testimony of Dr. Hubbard.

As to Plaintiff's arguments based upon the Court's November 21 Order, Defendants concede that Mr. Blount's opinion regarding the Lehman bankruptcy relies upon two pieces of evidence that were not considered by Dr. Peavy—the LIBOR-OIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 10-198-JST (ANx) | Date: July 2, 2012 |
| Title: Pacific Select Fund v. The Bank of New York Mellon, et al. | |

and a September 24, 2008, New York Times article. The consideration of these two pieces of evidence falls outside the Court's November 21 Order. Accordingly, Mr. Blount is precluded from testifying about that evidence. However, because his opinion regarding the impact of the Lehman bankruptcy is also supported by other evidence, Mr. Blount's reliance on the LIBOR-OIS and the article is not a basis to exclude the opinion entirely.

### III. Plaintiff's Motion *in Limine* No. 3 to Exclude Evidence of Unrelated Third-Party Investments in Sigma (Doc. 236)

**Ruling**: GRANTED IN PART AND DENIED IN PART

Plaintiff's third motion *in limine* seeks to exclude under Federal Rules of Evidence 104, 401, 402, and 403, evidence relating to investments in Sigma by unrelated third parties. Plaintiff argues that the relevance of third-party investments to Defendants' prudence in holding Sigma notes depends upon the assumption that those third parties acted prudently. Because there is no evidence in the record to support such an assumption, Plaintiff asserts that Defendants cannot establish the relevance of that third-party evidence under Rules 104, 401, and 402. Plaintiff also argues that, even if such evidence were available, it should be excluded under Rule 403 because its introduction would result in a mini-trial regarding the prudence of decisions made by unrelated third parties that will confuse the issues before the jury and cause undue delay.

Defendants assert that evidence of third party investments in Sigma is directly relevant to the standard of care in this case, which requires Defendants to act with the "care, skill, prudence, and diligence which, under the circumstances then prevailing, a professional securities lending agent acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aim."

The standard of care in this case is akin to an "industry standards" obligation. That does not mean, however, that it is productive or appropriate to identify and discuss the conduct of specific lending agents. Litigating the prudence of individual third-party conduct directly implicates the Rule 403 concerns identified by the Plaintiff.

The Court agrees with the reasoning set forth by Judge Scheindlin in *Board of Trustees of the AFTRA Retirement Fund v. JP Morgan Chase Bank, N.A.*, No. 09 Civ.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 10-198-JST (ANx) | Date: July 2, 2012 |
| Title: Pacific Select Fund v. The Bank of New York Mellon, et al. | |

686 (SAS), 2012 WL 169776, at *4-5 (S.D.N.Y. Jan. 19, 2012), in which she granted a similar motion to exclude evidence of third-party investments in Sigma. The risk of confusion and wasted time that would result from requiring a mini-trial on the prudence of every non-party investor in Sigma substantially outweighs the probative value of such evidence. Accordingly, Plaintiff's motion is GRANTED to the extent that Defendants may not admit evidence of investments in Sigma by other, unrelated investors. However, Defendants' witnesses are not precluded from testifying that one factor they considered in investing in Sigma was that other large, sophisticated professional securities lending agents held Sigma notes. Likewise, Defendants' experts may testify that a prudent securities lending agent would consider the behavior of other such investors, and that the fact that other investors held Sigma notes is relevant to Defendants' prudence. The witnesses may not, however, name specific institutions that invested in Sigma.

The same ruling applies to evidence regarding the effect on market illiquidity of other securities lending agents holding Sigma notes. Defendants' witnesses can testify to the fact that other professional securities lending agents held Sigma notes, and discuss the effect that such action would have on the price Defendants may have obtained if they sold the Sigma MTNs. Defendants may not, however, identify the specific institutions that held Sigma notes.

Any additional concerns Plaintiff may have regarding the weight of such evidence can be addressed through cross-examination.

**IV.     Plaintiff's Motion *in Limine* No. 4 to Exclude Evidence of Pacific Life's General Account Investments (Doc. 237)**

<u>**Ruling:**</u> GRANTED

Plaintiff's fourth motion *in limine* seeks to exclude under Federal Rules of Evidence 401, 402, and 403, evidence relating to Pacific Life Insurance Company's ("Pacific Life's") investment in Stanfield Victoria Ltd. ("Victoria"). Plaintiff argues that Pacific Life's investment in the Victoria SIV is irrelevant under Rules 401 and 402 because Pacific Life's knowledge of risks associated with the Victoria SIV is neither probative of its knowledge of risks associated with Sigma investments, nor of the reasonableness of Defendants' decision to hold Sigma notes. It also argues that such

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-198-JST (ANx)            Date: July 2, 2012

Title: Pacific Select Fund v. The Bank of New York Mellon, et al.

evidence should be excluded under Rule 403 because its introduction would require a mini-trial regarding the structure and assets of the Victoria SIV, the circumstances and timing of its downfall, and Pacific Life's investment guidelines and decision making.

     The Court agrees. Defendants' attempt to show that Pacific Life could have analyzed Sigma, and that it knew of the risks associated with SIVs because of its experience with Victoria is comparing apples and oranges. The introduction of such evidence would require an entire mini-trial on the differences and similarities between Sigma and Victoria and on what Pacific Life knew about Sigma versus what it knew about Victoria. That is not the central issue in this case, and hearing such evidence would result in wasted time and juror confusion. Accordingly, Plaintiff's motion to exclude evidence related to Pacific Life's investment in the Victoria SIV is GRANTED.

     The Court notes that much of Defendants' opposition to Plaintiff's motion goes to showing that Pacific Life advised Plaintiff directly about Sigma. The Court is, of course, not excluding that evidence.

## V.   Plaintiff's Motion *in Limine* No. 5 to Exclude Evidence Regarding Citigroup SIVs (Doc. 238)

**Ruling**: GRANTED

     Plaintiff's fifth motion *in limine* seeks to exclude under Federal Rules of Evidence 401, 402, 403, 801, and 802, evidence of two December 2007 emails between Lance Doherty, the Director of the Treasury Department at Pacific Life, and Robert Womack, the then-senior partner of Wachovia Global Securities Lending, which concern SIVs sponsored by Citigroup. Plaintiff contends the emails are irrelevant to issues in this case because they do not relate to Sigma, and argues that their introduction would result in a mini-trial regarding the different characteristics of Citigroup SIVs and Sigma. Plaintiff also contends that the emails contain inadmissible hearsay.

     Defendants dispute Plaintiff's characterization of the emails, asserting that they discuss general market conditions relevant to SIVs. Defendants also argue that the Wachovia emails are not inadmissible hearsay because they are either party admissions, or because they are not being admitted for the truth of the matters asserted, but rather to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 10-198-JST (ANx) | Date: July 2, 2012 |
| Title: Pacific Select Fund v. The Bank of New York Mellon, et al. | |

show that Plaintiff solicited and received advice from securities lending agents about the DBT investments.

Having reviewed the emails, the Court finds that all indications appearing on the face of the documents suggest that they relate only to Citigroup SIVs. Therefore, the emails would only be relevant to this case if some other evidence showed that the emails relate to Sigma SIVs or to SIVs in general. Defendants have pointed to no such evidence.

Even if Defendants introduced such evidence, however, the emails would still be excluded as inadmissible hearsay. The statements contained in the emails are hearsay, and the only relevant purpose for introducing them would be for the truth of the matters asserted. Defendants' argument that the emails are relevant for the non-hearsay purpose of showing that Plaintiff solicited and received advice about DBT investments is incorrect. No such intent is apparent from the emails.

Therefore, Plaintiff's motion to exclude the Wachovia emails is GRANTED.

## VI. Plaintiff's Motion *in Limine* No. 6 to Exclude Evidence of PSF's Purported Securities Lending Profits (Doc. 239)

**Ruling:** DENIED

Plaintiff's sixth motion *in limine* seeks to exclude under Federal Rules of Evidence 401, 402, and 403, evidence of its securities lending profits from investments in the DBT II Fund. Plaintiff's motion is DENIED. Although Defendants may not argue that Plaintiff's profits absolve them of liability, Defendants are entitled to show prudence in the management of a diversified portfolio. Any issues related to the relevance of the evidence can be addressed through jury instructions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-198-JST (ANx)            Date: July 2, 2012

Title: Pacific Select Fund v. The Bank of New York Mellon, et al.

**VII. Defendants' Motion *in Limine* No. 1 to Exclude Testimony and Opinions of Bella Borg-Brenner (Doc. 249)**

    **Ruling:** DENIED

    Defendants' first *motion in limine* seeks to exclude under Federal Rule of Evidence 702, the testimony of Plaintiff's expert, Bella Borg-Brenner.

    Through *Daubert* and its progeny, the Supreme Court has made clear that Rule 702 imposes a "gatekeeping" obligation on the district court to ensure that proposed expert testimony is relevant and reliable. *United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir. 2000). "*Daubert*'s 'general holding—setting forth the trial judge's general gatekeeping obligation—applies not only to testimony based on scientific knowledge, but also to testimony based on technical and other specialized knowledge." *United States v. Alatorre*, 222 F.3d 1098, 1101 (9th Cir. 2000) (citations omitted). "The test for reliability is flexible and depends on the discipline involved." *Wagner v. Cnty. of Maricopa*, 673 F.3d 977, 982 (9th Cir. 2012). Where, as here, the expert's opinions are based not on scientific knowledge, but rather on "specialized knowledge" acquired through relevant professional experience, "Rule 702 generally is construed liberally." *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000).

    Defendants raise three objections to Ms. Borg-Brenner's testimony: (1) Ms. Borg-Brenner lacks specific experience in the areas of securities lending or SIVs; (2) Ms. Borg-Brenner's report discloses no analytical or experiential basis for her opinions; and (3) Ms. Borg-Brenner fails to consider the risks and drawbacks of selling Sigma MTNs or engaging in ratio trades in reaching her conclusion that Defendants were imprudent in holding Sigma notes after a certain date. The Court considers each in turn.

    Defendants' first objection goes to the weight of Ms. Borg-Brenner's testimony, rather than its admissibility. Plaintiff has introduced sufficient evidence that Ms. Borg-Brenner has general relevant professional expertise in the areas of financial investment management and risk assessment. Defendants can address any perceived deficiencies in Ms. Borg-Brenner's experience through cross-examination.

    Defendants present a more compelling case for exclusion with their second objection regarding the lack of a clear methodology or analytical framework for Ms. Borg-Brenner's opinions. The matters addressed in Ms. Borg-Brenner's report are not susceptible to determination by a scientific formula or mathematical calculation. Rather,

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SACV 10-198-JST (ANx) | Date: July 2, 2012 |
| Title: Pacific Select Fund v. The Bank of New York Mellon, et al. | |

a determination of the reliability of her proffered opinions ultimately concerns "whether [Ms. Borg-Brenner] employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field [of investment management and risk assessment]." *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1035-36 (9th Cir. 2010), *see also Hankey*, 203 F.3d at 1169 ("The Daubert factors (peer review, publication, potential error rate, etc.) simply are not applicable to this kind of testimony, whose reliability depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it.").

As an expert in investment management and risk assessment, the "intellectual rigor" of Ms. Borg-Brenner's opinions depends upon the extent to which they are supported by reference to her professional experience, industry norms, economic principles, and/or data commonly relied upon by professionals in the finance industry, such as market commentary, data compilations, and analyst reports. As the Court explained during oral argument, it appears that the framework employed in Ms. Borg-Brenner's report consists of identifying her relevant professional expertise, identifying facts that she believes an investment manager should have considered in determining whether to sell the Sigma MTNs, and explaining why those facts should have led Defendants to sell. As the Court also explained during oral argument, that framework is weak at best. The Court concludes, however, that Ms. Borg-Brenner expresses opinions sufficiently grounded in professional experience and relevant market data to eek past the line of admissibility. Defendants can sufficiently challenge the weight of Ms. Borg-Brenner's testimony through cross-examination.

Defendants' third objection fails for the same reason as the first two. Defendants' arguments as to facts Ms. Borg-Brenner failed to consider in reaching her conclusions are properly highlighted on cross-examination.

Accordingly, Defendants' motion is DENIED.

VIII. **Defendants'** *Motion in Limine* **No. 2 to Exclude Opinions of Plaintiff's Expert Allen Ferrell (Doc. 250)**

**Ruling**: DENIED

Defendants' second *motion in limine* seeks to exclude under Federal Rule of Evidence 702, the opinions of Plaintiff's expert, Dr. Allen Ferrell. Defendants contend

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 10-198-JST (ANx) | Date: July 2, 2012 |
| Title: Pacific Select Fund v. The Bank of New York Mellon, et al. | |

that Dr. Ferrell's opinions do not meet Rule 702's reliability requirement for two reasons. First, Defendants assert that Dr. Ferrell fails to identify any economic principles, develop any economic model, or cite to any economic literature to support his claims regarding the prudence of holding Sigma MTNs. Second, Defendants contend that Dr. Ferrell's damages calculations fail to account for illiquidity in the market, rely on hindsight, and are otherwise inaccurate.

As to his opinions regarding the prudence of holding Sigma MTNs, the Court finds that Dr. Ferrell's testimony meets the requirements of Rule 702 because his opinions are based on a reliable methodology that is grounded in economic principles. Dr. Ferrell utilizes a clear analytical framework in which he reviews data traditionally used by financial professionals—such as analyst reports, academic articles, data compilations, and market commentary—and draws upon market principles to assess the risks of holding Sigma MTNs, and then applies that risk information in light of his knowledge, experience, and education, to the investment guidelines that governed the DBT II Fund. While Defendants may believe that Dr. Ferrell lacks support and detail for his conclusions, such deficiencies go to the weight, rather than the admissibility of his testimony. Defendants' criticisms may be addressed through cross-examination.

The same is true of Defendants' objections regarding Dr. Ferrell's damages calculations. Defendants' criticisms go to the weight of his testimony, rather than its admissibility, and can be properly addressed through cross-examination.

Accordingly, Defendants' motion is DENIED.

**IX. Defendants' *Motion in Limine* No. 3 to Exclude References to Standish Mellon and its Investment Strategies and Decisions (Doc. 251)**

**Ruling**: GRANTED IN PART AND DENIED IN PART

Defendants' third *motion in limine* seeks to exclude under Federal Rules of Evidence 402 and 403, evidence or arguments regarding Standish Mellon's ("Standish's") strategic decisions to sell or otherwise dispose of its Sigma holdings. Defendants argue that such actions are irrelevant to the issues in this case because Standish is a separate and distinct business from the Bank of New York Mellon's securities lending program, and each business pursued different strategies as to the Sigma

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-198-JST (ANx)            Date: July 2, 2012

Title: Pacific Select Fund v. The Bank of New York Mellon, et al.

MTNs. Defendants further argue that any relevance Standish's decisions vis-à-vis Sigma may have is substantially outweighed by the risk of juror confusion and prejudice.

      Plaintiff contends that it should be entitled to admit two types of evidence regarding Standish's actions in relation to Sigma. First, it asserts that evidence regarding Standish's decision to sell Sigma notes is relevant because Standish and the Bank of New York Mellon are similarly situated. Second, it argues that evidence of Sigma-related information shared between Standish and the Bank of New York Mellon is relevant to Defendants' knowledge and due diligence.

      As to the first type of evidence, the Court recognizes that evidence regarding Standish's decision to sell Sigma notes has some probative value insofar as Standish was a Bank of New York Mellon affiliate. However, the Court finds that Standish's decision to sell Sigma notes is of only minimal probative value in light of the standard of care against which the Bank of New York Mellon's conduct will be judged in this case—i.e., that of "a professional securities lending agent acting in a like capacity . . . ." The introduction of evidence regarding Standish's decision to sell Sigma notes would require a mini-trial regarding Standish's investment decisions, and the differences and similarities between the investment guidelines, investment objectives, and accounting criteria of Standish as an investment manager and the Bank of New York Mellon as a securities lending agent. Therefore, the minimal probative value of such evidence is outweighed by the risk of wasted time, juror confusion, and prejudice. Defendants' motion is GRANTED to the extent it seeks exclusion of Standish's decision to dispose of its Sigma holdings.

      A different calculus is appropriate, however, in regard to communications between Standish and the Bank of New York Mellon regarding Sigma. Such evidence is directly relevant to Defendants' knowledge regarding the health of Sigma and its likelihood of default, which is central to the issues in this case. It does not appear that Defendant's motion seeks to exclude evidence of communications between Standish and Defendants regarding Sigma, but to the extent it does, it is DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 10-198-JST (ANx)            Date:  July 2, 2012

Title:  Pacific Select Fund v. The Bank of New York Mellon, et al.

**X.**     **Defendants'** *Motion in Limine* **No. 4 to Exclude References to Other Litigations and Disputes (Doc. 252)**

       **Ruling:**  GRANTED

Defendants' fourth *motion in limine* seeks to exclude under Federal Rules of Evidence 402 and 403, evidence of (i) other lawsuits involving Defendants, and (ii) Defendants' non-payment under the Negative Earnings Amendment. Other lawsuits involving Defendants are irrelevant to this case. Likewise, evidence pertaining to Defendants' liability under the Negative Earnings Amendment is irrelevant to the issues before the jury because the Court resolved the parties' dispute as to the Negative Earnings Amendment on summary judgment. Accordingly, Defendants' fourth *motion in limine* is GRANTED.

The Court will not consider Plaintiff's request for a jury instruction regarding the Courts ruling on the Negative Earnings Amendment in the context of an opposition to Defendants' motion *in limine*.

**XI.**    **Defendants'** *Motion in Limine* **No. 5 to Exclude References to Defendants' Size or Net Worth (Doc. 253)**

**Ruling**:  GRANTED IN PART AND DENIED IN PART

Defendants' fifth *motion in limine* seeks to exclude under Federal Rules of Evidence 402 and 403, evidence of, and references to, Defendants' size and net worth. Defendants assert that evidence of its size and net worth are irrelevant to each of Plaintiff's substantive claims remaining in this action, and will only become relevant to Plaintiff's punitive damages claims if Plaintiff first proves by clear and convincing evidence that Defendants are guilty of oppression, fraud, or malice.

Evidence of, and references to, Defendants' size and net worth are excluded unless and until the Court rules that Plaintiff has presented sufficient evidence to justify sending the issue of punitive damages to the jury.

                                                                    Initials of Preparer:  enm